USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/17/2013__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                                         :
CHAZ PERRY et al.,                                                       :
                                          Plaintiffs,                    :
                                                                         :            13 Civ. 1015 (JMF)
                     -v-                                                 :
                                                                         :            MEMORANDUM
CITY OF NEW YORK et al.,                                                 :            OPINION AND ORDER
                                          Defendants.                    :
                                                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        This is an action brought by 2,511 paramedics, emergency medical technicians ("EMTs")

and fire inspectors against their employer, the New York City Fire Department ("FDNY"), and

the City of New York (collectively, "Defendants"). Plaintiffs seek, under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 207(a), to recover unpaid overtime compensation.[1]

(Amended Complaint ¶¶ 10-13 (Docket No. 9) ("Am. Compl.")). Defendants move, pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint in its

entirety. (Mem. Law. Supp. Defs.' Mot. Dismiss Pls.' Am. Compl. (Docket No. 15) ("Defs.'

Mem."); Docket No. 13). For the reasons discussed below, Defendants' motion is DENIED.

---

[1]     It is unclear whether this action is brought as a collective action, authorized by Section
216(b) of the FLSA, or whether Plaintiffs have simply filed a joint complaint under Rule
20(a)(1) of the Federal Rules of Civil Procedure. On the one hand, all 2,511 Plaintiffs are named
in the Complaint, Plaintiffs have not moved to certify the case as a collective action, and
Plaintiffs appear to represent in their opposition memorandum that the case is not a collective
action. (Pls.' Opp'n Defs.' Mot. Dismiss 16 (Docket No. 17) ("Pls.' Opp'n") ("[T]here is no . . .
prohibition on multiple plaintiffs filing their FLSA claims together *without bringing a collective
action*." (emphasis added))). Defendants seem to concede this point as well. (Reply Mem.
Further Supp. Defs.' Mot. Dismiss 8 (Docket No. 18) ("Defs.' Reply Mem.") ("Plaintiffs have
brought a lawsuit in which 2,511 individuals have been joined.")). But each named Plaintiff has
filed a written consent with the Court — a step that is only required for collective actions, *see,
e.g.*, *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) ("[N]amed individuals who
jointly file[] suit under the FLSA [are] not required to file written consents with the court.") —
and the Complaint does not lay out specific allegations for each of the 2,511 Plaintiffs. For
present purposes, the Court treats the action as one in which Plaintiffs have been joined under
Rule 20(a)(1), but reserves judgment on whether joinder is appropriate.

## BACKGROUND

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in Plaintiff's favor. *See N.Y. Life Ins. Co. v. United States*, 724 F.3d 256, 261 (2d Cir. 2013). Accordingly, the following statement of facts is drawn from the Amended Complaint and matters of public record. *See Burfeindt v. Postupack*, 509 Fed. App'x 65, 67 (2d Cir. 2013) (noting that "it is well established that a district court may rely on matters of public record in deciding a motion to dismiss" (internal quotation marks omitted)).

Plaintiffs are individuals who have been employed by FDNY since at least February 10, 2011 as EMTs, paramedics, or fire inspectors.[2] Defendants assigned each Plaintiff to one of four platoons — A, B, C, or D — which, in turn, determined each Plaintiff's work schedule. (Am. Compl. ¶ 9). Plaintiffs assigned to Platoons A, B, and C would work five eight-hour days in a row, followed by two full days off, and then for five more eight-hour days in a row, followed by three full days off. (*Id.*). Plaintiffs assigned to these three Platoons would thus work forty-hour weeks approximately thirty-five times per year. (*Id.*). Plaintiffs assigned to Platoon D would simply work five eight-hour days in a row, followed by two off-days. (*Id.*). That is, Plaintiffs assigned to Platoon D would work forty-hour weeks every week of the year.

According to the Amended Complaint, Plaintiffs in all three positions — that is, EMTs, paramedics, and fire inspectors — also performed various tasks before and after their shifts for which they were not compensated, but which Defendants tracked using their timekeeping system. (*Id.* ¶ 14). For EMTs and paramedics working in the field, these tasks included checking in with supervisors about daily assignments, gathering medical equipment required for each assignment, donning uniforms, gathering protective equipment they were required to carry while on duty, exchanging information and equipment with individuals on outgoing shifts, and

---

[2]     It is not clear from the face of the Amended Complaint if any of the Plaintiffs served FDNY in more than one of these roles.

2

completing reports.  (*Id.* ¶ 11).  For EMTs and paramedics not working in the field, this uncompensated work included preparing materials for training classes, obtaining equipment from lockers, donning uniforms, conducting briefings with outgoing employees, and obtaining information about units that were currently on call.  (*Id.* ¶ 12).  And fire inspectors would check in with supervisors about daily assignments, plan and research their inspection routes, and, to the extent they were assigned to work on large-scale inspections, coordinate with other fire inspectors assigned to their group — all without being compensated.  (*Id.* ¶ 13).  Plaintiffs performed those tasks on a daily basis.  (*Id.* ¶ 14).

Many of the Plaintiffs in this suit brought similar claims against Defendants in two previous actions, *Conzo v. City of New York*, 05 Civ. 705, and *Aarons v. City of New York*, 09 Civ. 10138.  *See* Complaint (05 Civ. 705, Docket No. 1); Complaint (09 Civ. 10138, Docket No. 1).  Those actions were jointly settled in February of 2011 without any admission of liability by Defendants, and Plaintiffs filed this suit on February 13, 2013, asserting that "[D]efendants have failed to make changes to correct the FLSA violations."  *See* Agreed Order of Dismissal With Prejudice ((05 Civ. 705, Docket No. 639; 09 Civ. 10138, Docket No. 26); Am. Compl. ¶ 17)).  Defendants now move to dismiss the Amended Complaint pursuant to Rule 12(b)(6), arguing that the its allegations are insufficiently specific and that it fails to approximate the amount of uncompensated time Plaintiffs worked.  (*See* Defs.' Mem.; Defs.' Reply Mem.).

## DISCUSSION

"In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315, 319-20 (S.D.N.Y. 2012) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).  The Court will not dismiss any claims unless Plaintiff has failed to plead sufficient facts to state a claim to relief that is facially

plausible, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that is, one that contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  More specifically, Plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Further, if Plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [those claims] must be dismissed." *Id.* at 570.

The provision of the FLSA governing overtime compensation provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  As noted, Defendants advance two related arguments as to why Plaintiffs fail to state a claim under this provision.  First, they argue that the Amended Complaint does not allege Plaintiffs' claims with sufficient specificity, emphasizing that it "fails to allege a single claim on behalf of a specific individual or group of individuals," and that "not one of the 2,511 named Plaintiffs is specifically referenced."  (Defs.' Mem. 6).  Second, they contend that the Amended Complaint's failure to approximate the amount of uncompensated overtime Plaintiffs worked is fatal to Plaintiffs' claims.  (Defs.' Mem. 7-9; Defs.' Reply Mem. 1-7).  Both arguments are unavailing.

To begin with, the Second Circuit has made clear that plaintiffs are not required to provide an approximation of uncompensated overtime hours in order to survive a motion to dismiss FLSA overtime claims.  *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), held that plaintiffs must simply "allege 40 hours of work in a given

4

workweek as well as some uncompensated time in excess of the 40 hours." *Id.* at 114.  The

Court observed that an approximation of hours "may help draw a plaintiff's claim closer to

plausibility," but was clear that such an approximation was not required.  *Id.* at 114 n.7.

Following *Lundy*, courts in this Circuit have found plaintiffs to have stated FLSA overtime

claims without making such approximations.  *See, e.g.*, *Cook v. Amedisys, Inc.*, No. 12 Civ. 1082

(WWE), 2013 WL 1409893, at *4 (D. Conn. Apr. 8, 2013) (denying motion to dismiss where

complaint alleged forty hour workweeks and additional, unspecified number of uncompensated

overtime hours); *Cruz v. Rose Assocs., LLC*, No. 13 Civ. 112 (JPO), 2013 WL 1387018, at *3 n.2

(S.D.N.Y. Apr. 5, 2013) (denying motion to dismiss unpaid overtime FLSA claims where

plaintiff alleged that he regularly worked in excess of forty hours per week).

In *Lundy* itself, the Court affirmed the dismissal of three plaintiffs' FLSA overtime

claims because the plaintiffs did not "allege[] a single workweek in which they worked at least

40 hours and also worked uncompensated time in excess of 40 hours."  *Lundy*, 711 F.3d at 114.

One of the plaintiffs, for instance, stated that she was typically scheduled to work 37.5 hours per

week and that she occasionally worked an additional 12.5 hour shift.  *Id.*  Her overtime claim

failed, however, because she did not allege that she was ever denied overtime pay in a week

when she worked this additional 12.5 hour shift, where her total hours would have exceeded

forty.  *Id.*  The Second Circuit also affirmed the dismissal of FLSA overtime claims under the

*Lundy* standard in *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192

(2d Cir. 2013), and *Dejesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013),

reasoning in *Nakahata* that the complaint lacked "any allegation that Plaintiffs were scheduled to

work forty hours in a given week," *Nakahata*, 723 F.3d at 201 and in *Dejesus* that the plaintiff

merely "repeated the language of the [FLSA]," without "estimat[ing] her hours in any or all

weeks or provid[ing] any other factual context or content," 726 F.3d at 89.  Summarizing the

holding in *Lundy*, the *Dejesus* court stated that the allegations there "failed because of arithmetic: tallying the plausible factual allegations, [the court] could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime." *Id.* at 88-89.

The arithmetic in this case, by contrast, does support a plausible claim for overtime. Plaintiffs assigned to Platoons A, B, and C were scheduled to work forty hours in approximately thirty-five weeks of the year, and Plaintiffs assigned to Platoon D were scheduled to work forty hours every week of the year.  (Am. Compl. ¶ 9).  Adding to this the uncompensated time that Plaintiffs allege they have worked "on a daily basis" (*id.* ¶ 14), Plaintiffs clearly "get beyond" the forty hour requirement in thirty-five weeks of the year for individuals in Platoons A, B, and C, and in every week of the year for those in Platoon D.  *See also, e.g.*, *Trinidad v. Pret A Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2013 WL 3490815, at *3, 8 (S.D.N.Y. July 11, 2013) (finding that plaintiff who worked more than forty hours in more than half of his six-month period and worked past his scheduled shift every day at one location stated a cognizable FLSA overtime claim); *Cruz*, 2013 WL 1387018, at *3 n.2 (S.D.N.Y. Apr. 5, 2013) (denying motion to dismiss where plaintiff alleged regular work in excess of forty hours per week); *Litras v. PVM Corp.*, No. 11 Civ. 5695 (JFB), 2013 WL 4118482, at *6-8 (E.D.N.Y. Aug. 15, 2013) (finding that plaintiff stated a plausible overtime claim where she indicated the number of overtime hours she worked in each workweek).

The fact that the Amended Complaint does not set forth specific allegations for each Plaintiff does not warrant dismissal either.  *Lundy* does not, as Defendants contend, mandate that where multiple plaintiffs are joined in an FLSA action, each plaintiff must make individualized factual allegations.  (*See* Defs.' Mem. 6-7; Defs.' Reply Mem. 8-10).  Instead, *Lundy* merely sets forth the pleading standard for FLSA overtime claims, which, as explained above, Plaintiffs have met.  The other cases upon which Defendants rely for this proposition — *Richardson v. National*

6

*Football League*, No. 07 Civ. 11632 (MGC), 2009 U.S. Dist. LEXIS 25943 (S.D.N.Y. Mar. 27,

2009), *Anderson v. McGrath*, No. 11 Civ. 1175 (DGC), 2013 WL 1249154 (D. Ariz. Mar. 26,

2013), and *Bamert v. Pulte Home Corporation*, No. 08 Civ. 2120 (GJK), 2012 WL 3292397

(M.D. Fla. June 11, 2012) — are also inapposite.  *Richardson*, a five paragraph order that

dismissed a complaint for failing to "plead specific facts connected to particular plaintiffs'

claims," *Richardson*, 2009 U.S. Dist. LEXIS 25943, at *2, does not contain sufficient analysis of

the complaint at issue to determine whether its logic applies here.  And *Anderson* and *Bamert* are

wholly distinguishable because the plaintiffs in those cases had to plead *individual reliance* to

survive the motions to dismiss.  *See Anderson*, 2013 WL 1249154, at *2; *Bamert*, 2012 WL

3292397, at *7.  There is no similar requirement for FLSA overtime claims.

      The bottom line is that Plaintiffs have alleged with a sufficient degree of clarity that

Defendants failed to compensate each of them for work he or she completed before and after

their shifts; requiring separate statements for each individual would unnecessarily complicate the

pleadings.  *See, e.g.*, *Erickson v. Hunter*, 932 F. Supp. 1380, 1384 (M.D. Fla. 1996) (finding no

need for separate statements from multiple plaintiffs who alleged that the defendant's "customs,

policies, and procedures" caused their injuries); *cf.* Fed. R. Civ. P. 10(b) (requiring parties

asserting claims based on separate transactions or occurrences to make separate statements only

where "doing so would promote clarity"); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE AND PROCEDURE § 1324 (3d ed. 2011) (noting that some courts have ordered

separate statements pursuant to Rule 10(b) where a "single transaction gave rise to claims by

multiple plaintiffs," but that others have refused to do so "in actions based on a single claim

involving . . . multiple plaintiffs," and suggesting that district courts should "order separation

when there is a possibility of confusion . . . and not order separation when the existing pleading

is comprehensible").  Although the Amended Complaint does not specify, Plaintiff by Plaintiff,

what uncompensated activities each engaged in, it does delineate the tasks that Plaintiffs

performed in each of the three positions, and it states that every Plaintiff served FDNY in at least

one of those three roles.  (Am. Compl. ¶ 1).  The claims are thus sufficiently specific to survive

Defendants' motion to dismiss.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is DENIED.  The Clerk of

Court is directed to terminate Docket No. 13.

SO ORDERED.

Dated: December 17, 2013
       New York, New York

JESSE M. FURMAN
United States District Judge

8