**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| CHAZ PERRY, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Civil Action No. 1:13-cv-01015-VSB |
| | ) | |
| CITY OF NEW YORK, *et al*., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**JOINT PRETRIAL ORDER**

Pursuant to this Court's April 25, 2019, Order (Dkt. 205), and Rule 6 of this Court's

Individual Rules & Practices in Civil Cases, the parties hereby jointly submit this Proposed Joint

Pretrial Order.

## I.   NAMES AND ADDRESSES OF TRIAL COUNSEL

### A. *Plaintiffs' Trial Counsel*

Molly A. Elkin
Sara L. Faulman
Diana J. Nobile
Sarah M. Block
McGillivary Steele Elkin LLP
1101 Vermont Ave. NW
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090

### B. *Defendants' Trial Counsel*

Felice B. Ekelman
Mark S. Mancher
Michael A. Frankel
JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017

Andrea O'Connor
Office of the Corporation Counsel
    of the City of New York
100 Church Street
New York, NY 10007

## II.      STATEMENT OF SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over the above-captioned case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  Defendants do not dispute the Court's jurisdiction or venue.

## III.      SUMMARY OF EACH PARTY'S CLAIMS AND DEFENSES

### A.  *Plaintiffs' Claims*

Plaintiffs bring this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a), to recover unpaid overtime compensation on behalf of 2,525 current and former Emergency Medical Technicians (EMTs) and Paramedics, employed by the City of New York and the New York City Fire Department.

Plaintiffs assert that defendants unlawfully failed to pay plaintiffs for pre-shift and post-shift overtime work. Specifically, under the City's policies and practices, the plaintiffs are suffered or permitted to perform unpaid work both before and after their scheduled shifts and the City knows or has reason to know that they have performed such work without compensation. Plaintiffs assert that the defendants' violations of the FLSA were willful and that the defendants have failed to demonstrate that they acted in good faith and on objectively reasonable grounds to avoid a mandatory imposition of liquidated damages. Accordingly, the plaintiffs are entitled to a three-year recovery period pursuant to 29 U.S.C. §255, backpay computed at time and one-half the plaintiffs' regular rates of pay for the unpaid pre-shift and post-shift hours in excess of 40 in a workweek, liquidated damages equal to their backpay, and attorneys' fees and costs.

The parties have settled the claims of the 27 Fire Inspector plaintiffs, so their claims will not be tried to the jury. Dkt. 222. In addition, pursuant to the parties' Stipulation which was So Ordered by this Court on August 26, 2019, the plaintiffs' claims that defendants failed to properly include night shift differential and/or other premiums and differentials in plaintiffs' regular rates of pay used to calculate plaintiffs' overtime rate, and plaintiffs' claims that defendants failed to properly pay overtime at a rate of time and one-half, will not be tried to the jury. Dkt. 223.  Instead, the parties will attempt to resolve these issues following trial, and regardless of verdict, without further need of Court intervention.

Further, the jury will not determine whether the plaintiffs' uncompensated work is de minimis, and thus, non-compensable, because, after concluding that it is appropriate to make the de minimis determination on summary judgment (Dkt. 168 at 7 n.3), this Court held, as a matter of law, that "***the time spent on exchanging equipment or narcotics is not de minimis*** since such time can or is recorded in CityTime, the exchanges can take several minutes, and occur regularly." Dkt. 168 at 9 n.5 (emphasis added).

**B.  *Summary of Defendants' Defenses***

Defendants deny Plaintiffs' claims that they unlawfully failed to pay plaintiffs for time allegedly worked by not reported to defendants.  At all times, and in all manners, defendants acted in accordance with any and all duties and obligations that they may have had under the FLSA. Defendants do not maintain a policy or practice requiring Plaintiffs to work before and after their shift without being paid and did not suffer or permit plaintiffs to perform uncompensated work. Defendants had no actual or construction knowledge of any alleged work performed by plaintiffs that was not reported to Defendants as time worked via their established timekeeping system. Further, plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.  Defendants' maintain that there are certain activities of insignificant duration – other than exchanging

equipment and/or narcotics – that plaintiffs claim they perform outside of their scheduled working hours.  Finally, defendants have at all times acted in good faith and had reasonable grounds to believe that the FDNY's pay practices complied with the FLSA.

## IV. NUMBER OF TRIAL DAYS REQUIRED AND WHETHER THE CASE IS TO BE TRIED BY A JURY

This case is to be tried by a jury.  It is set to begin on October 7, 2019 and is estimated to conclude on or before October 31, 2019. Plaintiffs anticipate that they will be finished with their case in chief by October 17, 2019.

Defendants respectfully request that, as contemplated by the Court's Rules for Jury Selection, because this trial is expected to last for substantially more than one week, the number of jurors be increased from eight to 10.  Plaintiffs do not consent to this request.

## V. CONSENT TO TRIAL BY A MAGISTRATE JUDGE

The parties do not consent to trial by a magistrate judge.

## VI. STIPULATIONS OF FACT

There are no stipulations of fact.

## VII. TRIAL WITNESSES IN THE ORDER IN WHICH THEY WILL BE CALLED

Plaintiffs' list of witnesses, in the anticipated order in which they will be called, and a summary of each witness's testimony, is attached hereto as Appendix A.  Plaintiffs reserve the right to call any of the individuals listed on defendants' trial witness list annexed hereto as Appendix B, as well as witnesses for the purposes of impeachment and/or rebuttal.

Defendants' list of witnesses, in the anticipated order in which they will be called, and a summary of each witness's testimony is attached hereto as Appendix B.

Defendants reserve the right to call any individual listed on plaintiffs' trial witness list annexed hereto as Appendix A. Defendants further reserve the right to call witnesses for the purposes of impeachment or rebuttal.

Both parties reserve the right to revise the order in which witnesses will be called with the permission of the Court and sufficient notice to the other party.  Plaintiffs have identified four non-party witnesses, namely Michael Fields, Christopher Bilz, Georgia Pestana and Mario Manna, that they will be calling in their case-in-chief.  These witnesses also appear on defendants' witness list.[1] It is plaintiffs' position that defendants should conduct their direct examination of any of these "shared" witnesses when plaintiffs call them during plaintiffs' case in chief.  Plaintiffs believe that calling the same witnesses back on multiple days will serve only to confuse the jury and needlessly delay the proceedings.  Defendants' position is that it is entirely prejudicial to require defendants to question their own witnesses in an order determined by opposing counsel.  Defendants must be permitted to present their case to the jury as defendants see fit.

## VIII.   DESIGNATIONS OF DEPOSITION TESTIMONY

The plaintiffs anticipate offering the deposition testimony of James Booth in their case in chief. Plaintiffs designate the following testimony of James Booth to be offered:

| Page and Line | Witness |
| --- | --- |
| Page 174, ln 10 to  Page 175, ln 3 | Chief James Booth |

Plaintiffs do not anticipate offering any other deposition testimony in their case in chief, other than for the purpose of impeachment or rebuttal.

Defendants do not anticipate using any deposition testimony other than for rebuttal and/or impeachment purposes.

---

[1]     Mark Estick is also identified as a witness by both parties. Defendants agree to conduct their questioning of Mr. Estick in plaintiffs' case-in-chief.

## IX.    EXHIBIT LISTS

Plaintiffs' exhibit list, with the defendants' objections, is attached hereto as Appendix C.[2] Plaintiffs reserve the right to utilize any of the exhibits identified by defendants in Appendix D, and to offer demonstrative exhibits, including but not limited to photographs of EMS stations where plaintiffs work.[3]

Defendants' exhibit list, with the Plaintiffs' objections, is attached hereto as Appendix D. Defendants reserve the right to utilize any of the exhibits identified by plaintiffs in Appendix C, and to offer demonstrative exhibits regarding plaintiffs' CityTime and payroll data.[4]

## X.    STATEMENT OF DAMAGES CLAIMED AND RELIEF SOUGHT

Plaintiffs seek a judgment declaring that the defendants have willfully and wrongfully violated their statutory obligations under the FLSA and have deprived each of the plaintiffs of his or her rights under the FLSA, thus entitling them to backpay based upon their actual damages as recorded by the City in its timekeeping system, capped at 15 minutes pre-shift and 15 minutes

---

[2]    Defendants specifically reserve the right to object to all exhibits (even those to which defendants do not otherwise object) at the time of trial on the grounds that a proper foundation has not been laid at that time.  Defendants further object to any exhibit plaintiffs may seek to introduce during their case-in-chief which was not identified in this exhibit list.

[3]    Defendants object to the use of any demonstrative exhibit which is not provided to defendants in advance of trial and specifically reserve all objections to any proposed demonstrative exhibits.

[4]    Plaintiffs specifically reserve the right to object to all exhibits (even those to which plaintiffs do not otherwise object) at the time of trial on the grounds that a proper foundation has not been laid at that time.  Plaintiffs further object to any exhibit defendants may seek to introduce during their case-in-chief which was not identified in this exhibit list as well as any demonstrative exhibit which is not provided to plaintiffs in advance of trial. Plaintiffs similarly specifically reserve all objections to any proposed demonstrative exhibits that have not yet been provided to the plaintiffs or identified on Appendix D.

post-shift each shift, and/or based on the jury's verdict, liquidated damages,[5][6] under a three year statute of limitations, and attorneys' fees and costs. Specifically, plaintiffs seek backpay in the amount of $6,326,767.00 (as calculated by plaintiffs' expert witness) for plaintiffs' unpaid pre-shift and post- minutes overtime pay claims. Plaintiffs seek an additional $6,326,767.00 in liquidated damages, as well as fees and expenses pursuant to 29 U.S.C. §216(b).

## XI.   CONSENT TO A LESS THAN UNANIMOUS VERDICT

The parties do not consent to a less than unanimous verdict.

Dated: September 16, 2019                    Respectfully submitted,

                                             /s/ Molly A. Elkin
                                             Molly A. Elkin
                                             Sara L. Faulman
                                             Diana J. Nobile
                                             Sarah M. Block
                                             McGillivary Steele Elkin LLP

---

[5]   While the issue of willfulness to determine the statute of limitations is a question of fact for the jury, the issue of liquidated damages is reserved for the Court in its discretion.  29 U.S.C. §260. A finding of willfulness by the jury should render an award of liquidated damages automatic.  *Scott v. City of N.Y.*, 2009 U.S. Dist. LEXIS 49439, at *3-4 (S.D.N.Y. Apr. 24, 2009) ("Where the evidence is sufficient to support the jury's finding of reckless or willful violation, the resulting compensatory award should be doubled pursuant to the Fair Labor Standards Act's liquidated damages provision.") (internal citations omitted); *see also Black v. SettlePou, P.C.,* 732 F.3d 492, 501(5th Cir. 2013) ("Because the jury found that [defendant] had acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith. Therefore, a liquidated damages award is warranted."); *Elwell v. University Hosp. Home Care Servs.*, 276 F.3d 832 (6th Cir. 2002); *Herman v. Palo Grp. Foster Home, Inc.,* 183 F.3d 468, 474 (6th Cir. 1999) ("[A] finding of willfulness is dispositive of the liquidated damages issue.").

[6]   Setting aside defendants' disagreement with plaintiffs' erroneous statement that a finding of willfulness by the jury results in an automatic award of liquidated damages, defendants object to the inclusion of Footnote 4 in this Pre-Trial Order given that the parties' agree that the question of whether liquidated damages are warranted in this case is one for the Court, not the jury.

1101 Vermont Ave. NW
Suite 1000
Washington, DC 20005

*Counsel for Plaintiffs*

/s/ Felice B. Ekelman_____
Felice B. Ekelman
Mark S. Mancher
Michael A. Frankel
JACKSON LEWIS P.C.
666 Third Avenue
New York, NY 10017

Andrea O'Connor
Office of the Corporation Counsel
        of the City of New York
100 Church Street
New York, NY 10007

*Counsel for Defendants*

SO ORDERED:

_____
Hon. Vernon S. Broderick, U.S.D.J

8

## CERTIFICATE OF SERVICE

This is to certify that on September 16, 2019, I caused the foregoing Joint Pretrial Order, and accompanying appendices, to be served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the defendants' counsel:

> Felice B. Ekelman
> Mark S. Mancher
> Jeffrey W. Brecher
> Michael A. Frankel
> Adam Gross
> JACKSON LEWIS LLP
> 666 Third Avenue
> New York, NY 10017
>
> Andrea O'Connor
> Kerrin Bowers
> Office of the Corporation Counsel
>     of the City of New York
> 100 Church Street
> New York, NY 10007

/s/ Molly A. Elkin

Molly A. Elkin

9