**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHAZ PERRY, et al.,

                                Plaintiffs,

                -against-                          Case No.: 13 CIV 1015 (VSB)

THE CITY OF NEW YORK AND THE NEW
YORK CITY FIRE DEPARTMENT.

                                Defendants.

## JOINT PROPOSED JURY CHARGES

The Plaintiffs and the Defendants, the City of New York and the New York City Fire Department (collectively, "Parties"), by and through their undersigned counsel, present the following proposed jury charges.

Where the Parties are in agreement regarding a charge, the charge is listed as "Joint." Where the Parties are not in agreement as to a portion of a Joint Charge, plaintiffs' proposed language is highlighted in <mark>yellow</mark> and defendants' proposed language is highlighted in <mark>green</mark>. The Parties have also each set out certain and/or alternative charges, with supporting sources, for instructions for which an agreement could not be reached. As per the Court's Individuals Rules, each party will file their respective objections, if any, to the opposing party's proposed charges. The Parties reserve their rights to modify, amend or supplement their proposed jury charges in accordance with the rules of the Court.

Dated: September 23, 2019                Respectfully submitted,

1

/s/ Molly A. Elkin
Molly A. Elkin
Sara L. Faulman
Diana J. Nobile
Sarah M. Block
McGillivary Steele Elkin LLP
1101 Vermont Ave. NW
Suite 1000
Washington, DC 20005

*Counsel for Plaintiffs*


JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000
Felice.Ekelman@jacksonlewis.com
Mark.Mancher@jacksonlewis.com
Michael.Frankel@jacksonlewis.com

        -and -

Corporation Counsel of the City of New York
100 Church Street, Rm. 2-104
New York, NY 10007
(212) 356-4015
aoconnor@law.nyc.gov

By:    *s/Felice B. Ekelman*
       Felice B. Ekelman
       Mark Mancher
       Michael A. Frankel
       Andrea O'Connor

*ATTORNEYS FOR DEFENDANTS*

Dated: September 23, 2019


2

## JOINT REQUEST TO CHARGE NO. 1
## PRELIMINARY INSTRUCTIONS BEFORE TRIAL - DUTY OF JURORS

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have to better understand what will be presented before you and how you should conduct yourself during trial.

The party who brings a lawsuit is called the plaintiff. In this action, Plaintiffs are 2,548 current or former Emergency Medical Technicians (EMTs) and Paramedics. The party against whom the suit is brought is called the defendant. In this action, the Defendants are the City of New York and the New York City Fire Department. In the interest of efficiency and judicial economy, all of the Plaintiffs will not testify at the trial. Rather, each side will call a limited number of plaintiffs and other witnesses permitted by the Court who will testify concerning the claims at issue in this case.

Plaintiffs have brought a claim against Defendants upon which you will be asked to return a verdict. After all the evidence is presented during trial, you will be given specific instructions on the law relating to Plaintiff's claim that you must apply to the facts as you determine them. By your verdict, you will decide disputed issues of fact. The Court will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, the Court will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that the Court will instruct you at the end of the trial concerning the manner in which you should

3

determine the credibility or lack of credibility of each witness and the weight to be given to their testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers and my instructions to you on the applicable law. While the trial is in process, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, the Court may be called upon to make rulings of law on objections or motions made by the parties. It is the duty of the attorney, on each side of a case, to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. If the Court sustains an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing about questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties

4

expect that you will carefully and impartially consider all of the evidence, follow the law as it will

be given to you and reach a just verdict, regardless of the consequences.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §101.01 (5th ed. 2000).

**JOINT REQUEST TO CHARGE NO. 2**
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL - THE ORDER OF THE CASE**

The case will proceed in the following order:

First, Plaintiffs will make an opening statement outlining their case. Immediately after Plaintiffs' statement, Defendants will make an opening statement outlining their respective case. Neither party is required to make an opening statement. What is said in opening statements is not evidence, but is simply designed to provide you with an introduction as to the evidence that the parties intend to produce.

Second, Plaintiffs will introduce evidence in support of their claim. At the conclusion of Plaintiffs' case, Defendants will introduce evidence. After Defendants introduce evidence, Plaintiffs may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences that they contend you should draw from the evidence. What is said in closing arguments, just as what is said in opening statements, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Because Plaintiffs have the burden of proof, Plaintiffs have the right to make the first opening statement and the last closing argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

Source:      O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §101.02 (5th ed. 2000).

6

## JOINT REQUEST TO CHARGE NO. 3
## BEFORE AND AFTER TRIAL – EVIDENCE IN THE CASE

Statements and arguments of counsel are not evidence in the case.  While the attorneys may present explanations for their clients, these statements and arguments are not evidence.  The attorneys are not witnesses in this case.  Evidence is introduced by witnesses, not by attorneys.

The Court may take judicial notice of certain facts or events.  When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proven the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of which party may have called them; all exhibits received in evidence, regardless of who has produced them; all facts that may have been admitted or stipulated; and all facts and events that may have been judicially noticed.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §103.30 (5th ed. 2000).

7

## JOINT  REQUEST TO CHARGE NO. 4
## PRELIMINARY INSTRUCTIONS AFTER TRIAL - DUTIES OF JURORS

MEMBERS OF THE JURY:

Ladies and gentlemen of the jury, now that the evidence is in and counsel have summed up their contentions, the time has come for us to perform our respective functions in the administration of justice in this case.

As I stated to you at the outset, it is my duty to instruct you as to the principles of law to be followed, and it is your duty to accept those instructions as they are given by the Court and apply them to the evidence in this case.  In performing your function, you should not single out any one instruction as stating the law, but, rather, should consider these instructions as a whole.

The instructions to you will consist of three sections.  First, I will give you some general instructions applicable in every case.  Second, I will instruct you regarding the specific issues that will need to be decided by you in this case.  Finally, I will give you some instructions regarding the conduct of your deliberations.  A copy of these instructions will be available for you in the jury room to consult if you find it necessary.

DUTIES OF THE JURY

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer.  You must answer these questions by

8

applying the facts as you find them to be.  I shall give to you the rules of the law that apply to these questions.  You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole.  Nor are you to be concerned with the wisdom of any rule of law stated by me.  You are obligated to follow the law.

Nothing I say in these instructions is to be taken as an indication that the Court has any opinion, one way or the other, about the facts of the case.  It is not my function to determine the facts, but rather that is your function.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not.  The law does not permit you to be governed by sympathy, prejudice, or public opinion.  You are to treat all parties equally.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §103.01 (5th ed. 2000).

**JOINT REQUEST TO CHARGE NO. 5**
**RULINGS ON OBJECTIONS TO EVIDENCE**

During the trial the Court has been called upon to make rulings from time to time. The Court has sustained some objections, and has overruled others. In this connection, you should also remember that it is the answer to a question that is evidence – not the question itself.

It is equally important that you not draw inferences against either side because of any objections that counsel may have made during the trial, or any arguments that counsel may have made, or the fact that it may have been necessary from time to time to engage in conferences at the side bar or to exclude you from the courtroom altogether.

Under our system of justice, it is the function and duty of counsel to object to anything that they think is legally improper, and they would be remiss in their duty if they failed to do so. However, it is the Court's function and duty to rule on these questions of law, and the Court also would be remiss in its duty, too, if it failed to make such rulings, even though sometimes they may not have been to the liking of counsel for either side.

If during the course of the trial from my rulings or questions that I put to the witnesses you got the impression that I personally have any views on the credibility of any witnesses, or on the weight to be given to their testimony, or to the proof, or to the merits of the case, please disregard it. It is not my intention to imply or express any opinion or any views to you with respect to the facts in the case, or the merits, or the credibility of any witness. That is your sole and exclusive function.

Any questions that I may have put to witnesses during the course of the trial have been put to those witnesses in an attempt to clarify issues that you might ultimately decide. It was

10

not to give you the impression that I was siding one way or another.  Whatever my feelings may be

in this matter with respect to the issues you will decide are completely immaterial and irrelevant.


Source:        Mathes, <u>Jury Instructions and Forms for Federal Rules,</u> 28 F.R.D. 401 §9.04 (1961);
               4 Modern Federal Jury Instructions-Civil P. 74.01 (2019).

**JOINT REQUEST TO CHARGE NO. 6**
**PREPONDERANCE OF THE EVIDENCE**

In this case, the burden of proving the case is on the Plaintiffs.  Plaintiffs must prove each and every essential element of their claim by a "preponderance of the evidence."

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so.  The phrase "preponderance of the evidence" refers to the quality of evidence – the weight and effect it has on your mind.  It does not mean the greater number of witnesses or the greater length of time taken by either side.  You should conclude that a fact has been proven by a preponderance of the evidence if you find that the scales tip, however slightly, in favor of the party with the burden of proof as to that fact.

A "preponderance of the evidence" means the greater part of the evidence.  In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.  Plaintiffs cannot almost prove their claim.  They must prove every element by a preponderance of the evidence.  Sympathy or assumptions cannot replace proof of evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof does not establish any of the essential elements of Plaintiffs' claim by a preponderance of the evidence in this case, you should find for Defendants.  If you find that the

evidence weighs so evenly that you are unable to say that there is a preponderance of evidence on either side, then Plaintiffs have not proven their case by a preponderance of the evidence and you must find for the Defendants.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so, put it out of your mind.

Source:      O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§171.60, 171.61 (5th ed. 2000); 4 Modern Federal Jury Instructions-Civil P. 73.01 (2019); Nissho-Iwai Co., Ltd. v. M/T Stolt Lion, 719 F.2d 34, 38 (2d Cir. 1983); Burka v. New York City Transit Auth., 739 F. Supp. 814, 843, n.23 (S.D.N.Y. 1990); 8TH CIR. CIVIL JURY INSTR, § 3.04 (modified).

**JOINT REQUEST TO CHARGE NO. 7**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence: the proof of a chain of circumstances from which another fact may be inferred.

To illustrate what I mean by circumstantial evidence, let me give you an example.  Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day.  In the courtroom, however, the shades are drawn, and you cannot see outside.  As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas.  From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining.

Having told you that the law recognizes both direct and circumstantial evidence, let me also instruct you that the law makes no distinction between the weight to be given to either direct or circumstantial evidence.

As I said before, which of the admitted evidence you will accept as authoritative is up to you.  However, you may consider only what has been admitted as evidence in this trial – things that the Court has ruled inadmissible may not be considered.  And, of course, it is for you to interpret the evidence.

Source:    4 L. Sand, *et al*, <u>Modern Federal Jury Instructions</u>, §74-2 (2001); 4 Modern Federal Jury Instructions-Civil P. 74-2 (2019).

14

**JOINT REQUEST TO CHARGE NO. 8**
**INFERENCES**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is the deduction or conclusion that reason and common-sense prompt a reasonable mind to draw from facts that have been proven by the evidence. Not all logically possible conclusions are legitimate or fair inferences. An inference is not a suspicion or a guess. It is a reasoned logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in the case. Whether or not to draw a particular inference is of course a matter exclusively for you, as are all determinations of fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The Plaintiffs ask you to draw one. The Defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

The process of drawing an inference from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw — but not required to draw — from the facts which have been established by

15

either direct or circumstantial evidence. In drawing an inference you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Source:        4 Modern Federal Jury Instructions-Civil P. 75-1 (2019).

**PLAINTIFFS' REQUEST TO CHARGE NO. 9**
**EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

Source:        8TH CIR. CIVIL JURY INSTR, § 3.03 (modified).

### DEFENDANTS' REQUEST TO CHARGE NO. 9
### EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor or manner while on the stand. Ask yourself, what does this witness stand to gain or lose and does the witness have an interest in the outcome of the case. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, whether the discrepancy results from innocent error or intentional falsehood.

18

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §105.01 (5th ed.

2000); 4 Modern Federal Jury Instructions-Civil P. 76.01 (2019).

**JOINT REQUEST TO CHARGE NO. 10**
**IMPEACHMENT - INCONSISTENT STATEMENTS OR CONDUCT**

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with her or her present testimony.  The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements.  It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.


Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §105.04 (5th ed. 2000).

**<u>JOINT REQUEST TO CHARGE NO. 11</u>**
**<u>ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED</u>**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce, as exhibits, all papers and things as evidence in the case.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §105.11 (5th ed. 2000).

**JOINT REQUEST TO CHARGE NO. 12**
**EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses."

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field — called an expert witness — is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In this case you have heard evidence from witnesses who have testified as expert witnesses.  You have heard testimony from expert witness Dr. Louis Lanier who testified as to opinions and the reasons for his opinions regarding the amount of damages owed in this case. You have also heard from expert witness Dr. Christopher Erath, who testified regarding plaintiffs' payroll and timekeeping records as well as his opinions regarding Dr. Lanier's calculations. An expert witness is permitted to testify in the form of an opinion in a field where he or she purports to have specialized skill or knowledge.

As I have instructed you, you are the sole judges of the credibility of each witness and the weight to be given to the testimony of each witness. In making this determination as to the testimony of an expert witness, you should consider, in addition to the other tests of credibility and weight about which I have already instructed you, the evidence with respect to the witness's training, qualifications, and experience or the lack thereof; the reasons, if any, given for the opinion; whether or not the opinion is supported by facts that you find from the evidence; whether

22

or not the opinion is reasonable; and whether or not it is consistent with the other believable evidence in the case.

You should consider the opinion of an expert witness, but you are not bound by it. In other words, you are not required to accept an expert witness's opinion to the exclusion of the facts and circumstances disclosed by other testimony.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely

Source:       O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §104.40 (5th ed. 2000); 4 Modern Federal Jury Instructions-Civil P. 76-9 (2019).

## JOINT REQUEST TO CHARGE NO. 13
## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

Other summaries and charts were admitted into evidence as Exhibits __ and __. You may use those summaries and charts as evidence, even though the underlying documents and records are not here. However, the accuracies of those summaries and charts have been challenged by both parties. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way they were prepared.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §104.50 (5th ed. 2000); 4 Modern Federal Jury Instructions-Civil P. 74.06 (2019); 8TH CIR. CIVIL JURY INSTR. § 2.12 (2019) (modified).

**PLAINTIFFS' REQUEST TO CHARGE NO. 14**
**REPRESENTATIVE TESTIMONY**

This is a collective action, which means that it is not necessary for all of the plaintiffs to testify about the hours that they worked for which they were not compensated, or to present evidence about each of the non-testifying plaintiffs. The plaintiffs can rely on the testimony of a sample of EMTs and Paramedics and any other evidence that shows the defendants' policies or practices as they apply to the plaintiffs.

There is no bright line rule concerning the number, ratio or percentage of employees that must testify in order to establish sufficient representative evidence with respect to the entire group.  In other words, there is no exact number or percentage of workers that need to testify to satisfy plaintiffs' burden. Indeed, under the law, a case can be presented by "one" or more plaintiff on behalf of similarly situated workers. Also, the plaintiffs' positions need not be identical to be representative.

In this case, I have already found that the EMTs and Paramedics are similarly situated and that any differences among the plaintiffs do not outweigh the similarities in the practices to which they claim to have been subjected. As such, I have found that the questions at issue in this case — whether the City suffered or permitted plaintiffs to perform uncompensated pre- and/or post-shift work, and whether CityTime accurately records unpaid pre- and/or post-shift work — is appropriately resolved through the representative testimony of a subset of plaintiffs.

Source:    29 U.S.C. § 216 ("An action to recover the liability…may be maintained against any employer…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."); *Perry v. City of New York*, 1:13-cv-01015-VSB, Decision on Similarly Situated, Dkt. 198, p. 15 (March 13,

25

2019) ("[T]he individualized inquiry into the employer's knowledge of each individual EMT/Paramedic's pre- and post-shift work will only be required if Plaintiffs fail to establish at trial that Defendants had a policy or practice [suffering or permitting] such work, or that CityTime accurately recorded all compensable pre- and post-shift work. As discussed above, Plaintiffs have made a persuasive showing that, pursuant to Defendants' policies and practices, EMTs/Paramedics performed pre- and post-shift work, and that Defendants failed to compensate them for those hours worked, which were in excess of 40 per week, in violation of Section 207 of the FLSA."); *Id.* at 19 ("Further, permitting the EMTs/Paramedics to proceed in a collective action will allow this court to efficiently resolve the common questions of whether Defendants' policies or practices [suffering or permitting] EMTs/Paramedics to perform pre- and post-shift work, whether CityTime accurately records  pre- and post-shift work, and, if so, whether Defendants systematically fail to compensate  EMTs/Paramedics for that work.");[1] *Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017) (collecting cases to support the position that there is no bright line rule, number, or ratio of plaintiffs who must testify in order to establish sufficient representative evidence with respect to the entire group);  *Reich v. Southern New England Telecommunications Corp.,* 121 F.3d 58, 67-68 (2d Cir. 1997) ("[T]here is no bright line formulation that mandates reversal when the sample is below a percentage threshold…[T]he weight to be accorded evidence is a function not of quantity but of quality…and…depending on the nature of the facts to be proved, a very small sample of representational evidence can suffice….Our focus is not on the numbers in isolation but on whether the district court could reasonably conclude that there was sufficient evidence to show the amount and extent of…[uncompensated] work as a matter of just and reasonable

---

[1]      Under the FLSA, work performed outside employees' paid shifts need not be *required* to be compensable, simply suffered or permitted. *Chao v. Gotham Registry, Inc*., 514 F.3d 280, 289-90 (2d Cir. 2008) ("[T]he Supreme Court has rejected the argument that an employer may avoid its obligations under the Act upon proof that its employees voluntarily engage in inadequately compensated work….[T]he reason an employee continues to work beyond his shift is immaterial; if the employer knows or has reason to believe that the employee continues to work, the additional  hours must be counted. In other words, once it is established that an employer has knowledge of a worker's overtime activities and that those activities constitute work under the Act, liability does not turn on whether the employee agreed to work overtime voluntarily or under duress.") (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985); *Reich v. Dep't of Conservation & Natural Res*., 28 F.3d 1076, 1079-80, 1084 (11th Cir. 1994); 29 C.F.R. § 785.11 ("Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time.")

inference") (citations omitted); *Secretary of Labor v. DeSisto*, 929 F.2d 789, 793-94 (lst Cir. 1991) (agreeing with the proposition that "there is no ratio or formula for determining the number of employees required to constitute a representative sample of employees; the adequacy of the representative testimony necessarily will be determined in light of the nature of the work involved, the working conditions and relationships, and the detail and credibility of the testimony").

**DEFENDANTS' REQUEST TO CHARGE NO. 14**
**REPRESENTATIVE TESTIMONY**

Plaintiffs in this case include approximately 2,523 current or former Emergency Medical Technicians (EMTs) and Paramedics.

Both parties have presented various types of evidence, including documents and live testimony of certain Plaintiffs, employees of the Defendants and expert witnesses.  As I stated to you before the trial began, in the interest of efficiency and judicial economy, all of the Plaintiffs do need not testify at the trial.  Rather, each side called a limited number of witnesses permitted by the Court who will testify concerning the activities at issue in this case.

I have previously determined that the plaintiffs in this case the testifying plaintiffs are permitted to testify on a representative basis on behalf of the remaining, non-testifying plaintiffs with respect to two questions:  (1) whether defendants have a policy or practice of requiring EMTs and Paramedics to conduct pre- and post-shift work, and that they are not compensated for all of this work; and (2) whether CityTime accurately captures pre- and post-shift work, demonstrating that Defendants had knowledge of the EMTs/Paramedics' work but did not compensate them for it.

You are the sole judges of whether a purported representative plaintiff's testimony is actually representative of the other non-testifying Plaintiffs on these two questions.  You must make this determination based upon all of the evidence in the case.  Remember, statements by attorneys are not evidence.

Although the claims can be proven with "representative testimony," this does not lessen the Plaintiffs' burden of proof.  Every Plaintiff, whether testifying or not, must prove by a

28

preponderance of the evidence their claims under the FLSA, either through representative testimony or personal testimony.  If you find that the testifying Plaintiffs have offered evidence that is representative as to some but not all of the non-testifying Plaintiffs, that evidence should not be used to assert liability against the Defendants or to assess damages against the Defendants for those Plaintiffs who did not testify and who were not represented by the testimony.

Source:    29 U.S.C. § 216(b); Perry v. City of New York, 13-cv-01015-VSB, Decision on Similarly Situated, Dkt. 198, pp. 15-16; Am. Waste Removal Co. v. Donovan, 748 F.2d 1406, 1410 (10th Cir. 1984) ("Damage awards for unidentified employees are within the scope of the FLSA, so long as a preponderance of the evidence establishes the existence, work hours, and wages of these employees."); Reich v. Petroleum Sales, 30 F.3d 654, 657 (6th Cir. 1994) (same); Grochowski v. Phoenix Constr., 318 F.3d 80, 87-89 (2d Cir. 2003); Murray v. Stuckey's, Inc., 939 F.2d 614, 621 (8th Cir. 1991) (noting that the burden to prove unpaid overtime hours "must be met individually by each plaintiff in a case such as this where differing work situations make pattern evidence unpersuasive."); In re Food Lion Effective Scheduling Litig., 861 F. Supp. 1263, 1272 (E.D.N.C. 1994) ("The Plaintiffs' evidence of violations must be representational of the whole enterprise."); Takacs v. Hahn Auto. Corp., 1999 U.S. Dist. LEXIS 22146, at *7-8 (S.D. Ohio Jan. 25, 1999) ("The question is, therefore, whether the four to six Plaintiffs who will testify, coupled with other evidence, shows that they are fairly representative of those who do not testify.").

**JOINT REQUEST TO CHARGE NO. 15**
**ISSUES - IN GENERAL**

I am going to briefly state the contentions of the respective parties.  In stating these contentions, I express no opinion of the facts, because you are the sole judges of the facts.  If I should inaccurately or insufficiently state any particular fact in this case, then you are to disregard that, as you alone are the judges of the facts.  You will consider all the facts, the testimony from the stand, the physical facts and all legitimate inferences.

This case arises under the Fair Labor Standards Act ("FLSA"). The FLSA requires employers to pay employees overtime compensation for working more than forty (40) hours per week.

In this case, Plaintiffs contend that under Defendants' policies and practices the Plaintiffs are suffered or permitted to perform unpaid work both before and after their scheduled shifts, and Defendants know or have reason to know that Plaintiffs perform such work without compensation. Plaintiffs contend that the CityTime system accurately captures the pre- and post-shift unpaid overtime work at issue in this case.  Defendants deny Plaintiffs' claims that they unlawfully failed to pay Plaintiffs for time allegedly worked but not reported to Defendants. Defendants contend that they do not maintain a policy or practice requiring suffering or permitting Plaintiffs to work before or after their scheduled shift without being paid.  Defendants also contend that they had no actual or construction knowledge of any alleged work performed by Plaintiffs that was not reported to Defendants as time worked via their established timekeeping system.

Source:    Plaintiffs' Complaint; Defendants' Answer; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §175.1 (6th ed. 2014).

**JOINT REQUEST TO CHARGE NO. 16**
**ESSENTIAL ELEMENTS OF PLAINTIFFS'**
**FAIR LABOR STANDARDS ACT CLAIM**

The Plaintiffs have brought claims against the Defendants under the Fair Labor Standards Act ("FLSA") – which is a federal statute.  Generally, under the FLSA, employers must pay employees the applicable minimum wage for each hour worked and must pay 1½ times the regular rate for all hours worked in excess of forty hours in one week.  Plaintiffs' FLSA claim in this case is that the Defendants have failed to pay them for worked performed before and after their shifts.

In order to prevail on this claim, the Plaintiffs must prove by the preponderance of the evidence that Defendants suffer or permit Plaintiffs to work before and after shifts without being paid in violation of the FLSA.  Alternatively, Plaintiffs must prove by a preponderance of the evidence that CityTime accurately captures the unpaid pre- and post-shift overtime work at issue in this case.

In order to prevail on this claim, the Plaintiffs must prove by the preponderance of the credible evidence that Defendants require Plaintiffs to work before and after shifts without being paid in violation of the FLSA.  Alternatively, Plaintiffs must prove by a preponderance of the credible evidence that every minute recorded in CityTime is time actually worked.

If, after considering all of the evidence, you find that the Plaintiffs have failed to prove one or more of the elements of their claim, your verdict must be for the Defendants.  If, however, you find that the Plaintiffs have proved by a preponderance of the evidence all of the elements of their claim, then your verdict must be for the Plaintiffs.

Source:        29 U.S.C.  §§ 202(a), 206, 207, 216(b);  <u>Hoffmann-La Roche v. Sperling</u>, 493 U.S. 165 (1989); O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 175.11, 175.20 (5th ed. 2000); *Perry v. City of New York*, 1:13-cv-01015-VSB, Decision on Similarly Situated, Dkt. 198, p. 15-16 (March 13, 2019);

## PLAINTIFFS' REQUEST TO CHARGE NO. 17
## FLSA DEFINITION OF HOURS WORKED

The FLSA requires employers to compensate employees for all hours worked. "Hours worked" means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed. When deciding whether an activity is compensable work, it makes no difference how easy or difficult the activity is, how long it takes, or whether it requires any exertion at all.

You are instructed that the following activities constitute compensable work: obtaining, securing or exchanging equipment and/or narcotics; receiving instructions and/or assignments from a supervisor; and checking, preparing and/or storing personal protective equipment, supplies and safety equipment. Additional tasks performed before or after an employee's paid shift are compensable work if they are (1) controlled by the employer, (2) pursued necessarily and primarily for the employer's benefit, and (3) an integral and indispensable part of the employee's principal activities.

Source:      8TH CIR. CIVIL JURY INSTR. § 16.20 (2019) (modified); FEDERAL EMPLOYMENT JURY INSTRUCTIONS § 6:205 (2015) (modified); Plaintiffs' Exhibit P23/Defendants' Exhibit S, EMS Operations Order 2014-184: Pre- and Post-Shift Activities (Oct. 8, 2014)("EMTs and Paramedics are not permitted to perform any *work-related tasks* before the start time of their shift or after the end time of their shift unless the work has been approved by a supervisor and such time has been accurately recorded on their timesheets. By way of example, EMTs and Paramedics should not perform any of the following tasks before the start of their shift or after the end of their shift unless so directed or authorized by a supervisor: Restocking of technicians' bags, ambulances, and/or narcotics pouches; Checking any ambulances to ensure 10 NYCRR Part 800 compliance, or otherwise preparing any ambulances, including but not limited to fueling, washing, or moving ambulances; Placing equipment onto/removing equipment from any ambulances;

Signing out radios, keys, or any other equipment; Preparing radios or any other equipment, including but not limited to checking and changing batteries; Completion of any paperwork, including but not limited to, correction, or review of ePCRs, receipt of training orders, receipt of notification of annual medical exams, and/or completion of reports; Audits of the controlled substance restock locker; Exchange of equipment, narcotics pouches, radios and/or keys between off-going and oncoming crews; Any cleaning of the station, including but not limited to, sweeping and/or removing trash; and, receipt of briefings from supervisors regarding weather, traffic, or other related matters.") *Perry v. City of New York*, Case No. 1:13-cv-01015-VSB, Summary Judgment Decision, Dkt. 168, p. 9-10 ("Defendants do not seriously challenge whether the majority of the uncompensated pre- and post-shift tasks at issue here constitute work for which Plaintiffs would ordinarily be entitled to receive compensation if performed during their shifts.") *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005); *Perez v. City of New York*, 832 F.3d 120, 124-125 (2d Cir. N.Y. 2016); 29 C.F.R. § 785.11; *Chao v. Akron Insulation & Supply, Inc.,* 184 Fed. App'x 508, 510-11 (6th Cir. 2006).

## DEFENDANTS' REQUEST TO CHARGE NO. 17
## DEFINITION OF COMPENSABLE WORK

In this case, the Plaintiffs allege were required by the Defendants to perform work before the start of their scheduled shift and after the end of their shift and were not compensated for such work

However, the Plaintiffs bear the burden of proving by a preponderance of the evidence that the activities in question qualify as compensable "work" under the FLSA. If you find that Plaintiffs failed to meet their burden of demonstrating the activities are "work," the Plaintiffs are not entitled to be compensated for those activities.

Activities which are preliminary to or postliminary to an employee's principal activity or activities are not compensable under the FLSA. A "principal activity" under the FLSA is an activity which is an activity the employee was hired to perform. The term "preliminary activity" means an activity performed by an employee before the start of his or her principal activity or activities. The term "postliminary activity" means an activity engaged in by an employee after the completion of his or her principal activity or activities.

Notwithstanding the rule that preliminary and postliminary activities are not compensable under the FLSA, activities performed either before or after the regular work shift are nevertheless compensable if those activities are an "integral and indispensable" part of the principal activities for which the individuals are employed.

To be an integral and indispensable part of an employee's principal activities, an activity: (1) must be necessary to the principal work performed, whether required by law, by company policy, or by the nature of the work performed; and (2) must primarily benefit the

35

Defendants, as opposed to primarily benefiting the Plaintiffs. Thus, you may consider the following factors in determining whether a preliminary or postliminary activity is an integral and indispensable part of the employees' principal activities:

- Whether the activity is required by the employer.

- Whether the activity is necessary for the employee to perform his or her principal activities.

- Whether or not the employee is under the control of the employer at the time the activity is being performed.

- Whether the employee is permitted to change into his or her uniform at home or away from the workplace. Changing into a uniform is compensable only when the law, the employer, or the nature of the job mandates that it takes place on the employer's premises. If employees have the option and the ability to change into or out of the required uniform at home, changing into or out of a uniform is not a principal activity and therefore is not compensable, even when it takes place at the station.[2]

- Whether the employee – as opposed to the employer – primarily benefitted from the activity in question. Activities performed solely for the employees' own benefit or convenience are not compensable under the FLSA. For example, employees are not entitled to compensation for the time spent arriving early to engage in social conversation or for time spent performing other non-work related activities, such as drinking coffee or eating breakfast. In other words, voluntarily arriving at one's place of employment earlier

---

[2] DOL Wage and Hour Advisory Memorandum No. 2006-2 (May 31, 2006); 29 C.F.R. § 790.7(g); 29 C.F.R. § 790.8(c); Bamonte v. City of Mesa, 598 F.3d 1217, 1232-33 (9th Cir. 2010) (holding that "the donning and doffing of police uniforms and related gear are not compensable activities in this case" primarily because "[n]o requirement of law, rule, the employer, or the nature of the work mandates donning and doffing at the employer's premises[.]"); Albrecht v. The Wackenhut Corp., No. 07-CV-6162, 2009 U.S. Dist. LEXIS 88073, at *26 (W.D.N.Y. Sept. 24, 2009) aff'd, 379 F. App'x 65 (2d Cir. 2010) ("a rule which categorically defines donning and doffing time as noncompensable when an employee has an opportunity to change at home is consistent with the Department of Labor's longstanding interpretation of the FLSA.") (quoting Bamonte v. City of Mesa, 2008 U.S. Dist. LEXIS 31121, at *11-12 (D. Ariz. 2008).

36

than either required or expected to arrive is not compensable time.  Thus, if you find that the employee primarily benefits from the activity, such a finding would weigh in favor of finding the activity not compensable under the FLSA.[3]

Finally, periods of time between the start of an employee's first principal activity and the completion of his or her last principal activity are included in the computation of an employee's hours worked during the work day. However, a de minimis principal activity does not start the work day and is not included as hours worked.

Source:        O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 175.33 (6th ed. 2014); 29 U.S.C. § 254(a); 29 C.F.R. § 790.6; 29 C.F.R. § 790.7; 29 C.F.R. § 790.8; IBP, Inc. v. Alvarez, 546 U.S. 21 (2005); Steiner v. Mitchell, 350 U.S. 247 (1956); Gorman v. Consol. Edison Corp., 488 F.3d 586, 589-95 (2d Cir. 2007); Reich v. New York City Transit Auth., 45 F.3d 646, 650 (2d Cir. 1995). Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1344 (11th Cir. 2007) (noting that factors to consider include (1) whether the activity is required by the employer; (2) whether the activity is necessary for the employee to perform his or her duties; and (3) whether the activity primarily benefits the employer); Kuebel v. Black & Decker Inc., 643 F.3d 352, 359 (2d. Cir. 2011); Albrecht v. Wackenhut Corp., 2009 U.S. Dist. LEXIS 88073, *29-30 (a de minimis principal activity does not trigger the continuous workday rule) (citing Singh v. City of New York, 524 F.3d 361, 371, n. 8 (2d Cir. 2008)).

---

[3] Reich v. New York City Transit Auth., 45 F.3d 646, 650 (2d Cir. 1995). Singh v. City of New York, 524 F.3d 361, 367-69 (2d Cir. 2008). Lindow v. U.S., 738 F.2d 1057, 1061 (9th Cir. 1984).

**PLAINTIFFS' REQUEST TO CHARGE NO. 18**
**FLSA DEFINITION OF THE CONTINUOUS WORKDAY**

Employers must pay employees for all time that is part of the continuous workday. All time between the time employees start performing their first principal activity until they finish performing their last principal activity must be included in the calculation of hours worked. Thus, time spent on activities that may not constitute compensable work on their own nevertheless should be included in the paid continuous workday if they occur between when an employee begins performing compensable work tasks and ceases performing compensable work tasks. Once the continuous workday begins, any time spent on non-work tasks, including waiting time, are compensable.

**Sources:**    *IBP, Inc. v. Alvarez*, 546 U.S. 21, 28-29, 37 (2005) ("Similarly, consistent with our prior decisions interpreting the FLSA, the Department of Labor has adopted the continuous workday rule, which means that the "workday" is generally defined as the period between the commencement and completion on the same workday of an employee's principal activity or activities…("[D]uring a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is . . . covered by the FLSA."); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 359-360 (2d Cir. 2011) (same); 29 C.F.R. § 790.6(a); May 31, 2006 Wage and Hour Advisory Memorandum, United States Department of Labor, No. 2006-2; *Armour & Co. v. Wantock*, 323 U.S. 126, 132-133 (1944) (waiting time during the continuous workday is compensable).

**PLAINTIFFS' REQUEST TO CHARGE NO. 19**
**SUFFERED OR PERMITTED TO WORK**

"Suffer or permit" to work means with the knowledge — either actual or constructive — of the employer. If an employer knew that the work assigned to the employee could not reasonably be performed without working overtime, or if work must be performed either before and/or after the employees' regular working hours, that is sufficient to demonstrate that the employer suffered or permitted the employees to work. Likewise, if the employer had or has a policy or practice of requiring or permitting employees to perform unpaid pre-shift and/or post-shift work, that is also sufficient to demonstrate that the employer suffered or permitted the employees to work.

Under the law, the employer has the duty to exercise control and see that work is not performed if the employer does not want the work to be performed. An employer cannot accept the benefits of work without compensating the employees who performed the work. Work need not be performed during scheduled on-duty hours for an employee to receive compensation. Thus, employees must be compensated for work performed before and/or after their paid shift if they can prove that the employer knew or should have known about the work, even if the employer did not ask for the work, even if the employer did not want the work done, and even if the employer had a rule against doing the work.

Source:  *Perry v. City of New York*, 1:13-cv-01015-VSB, Decision on Similarly Situated, Dkt. 198, p. 14-15 (March 13, 2019); *Foster v. City of New York,* No. 14-4142, Dkt. 153 at p. 37-48 (S.D.N.Y. Sept. 30, 2017); *De La Cruz v. New York*, No. 14-9220, Dkt. 150 at p. 37-48 (S.D.N.Y. Sept. 30, 2017) (PGG) (collectively cited hereinafter as "Foster/DLC, at _") ("An employer who is armed with the knowledge that its employees work overtime cannot stand idly by and allow an employee to perform overtime work without proper compensation….This duty arises even where the employer has not requested the overtime be performed or does not desire the

employee to work, or where the employee fails to report his overtime hours.") (quoting *Chao v. Gotham Registry Inc.,* 514 F.3d 280, 288 (2d Cir. 2008); *Gotham Registry,* Inc. 514 F.3d. 289-90 ("The reason an employee continues to work beyond his shift is immaterial; if the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted. In other words, once it is established that an employer has knowledge of a worker's overtime activities and that those activities constitute work under the Act, liability does not turn on whether the employee agreed to work overtime voluntarily or under duress."); *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 522 (2d Cir. 1998) ("Work need not be performed during scheduled on-duty hours for an employee to receive compensation."); 29 C.F.R. § 785.13 ("In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.").

**DEFENDANTS' REQUEST TO CHARGE NO. 19**
**SUFFERED OR PERMITTED TO WORK**

You have heard the phrase "suffer or permit" previously in these instructions. "Suffer or permit" to work means that the employer had actual or constructive knowledge that an employee was working. Employees must be compensated for work that the employer suffered and permitted to be performed, even if the employer did not ask for the work, did not want the work done and/or had a rule against doing the work.

**PLAINTIFFS' REQUEST TO CHARGE NO. 20**
**EMPLOYER KNOWLEDGE**

As set forth in Instruction No. 19 ("Suffered or Permitted to Work"), work not requested by an employer but suffered or permitted is work time. If the employer knew, or should have known, that the employee was working, then the time is work time and is compensable. Because this is a collective action, there are two different ways the trial plaintiffs can prove the defendants had knowledge that the plaintiffs perform or performed unpaid pre-shift work and/or unpaid post-shift work.

If you find that the employer had a policy or practice of suffering or permitting employees to perform unpaid pre-shift and/or post-shift overtime work, this demonstrates that the employer had knowledge of the work, and you must find in favor of the plaintiff EMTs and Paramedics.

Alternatively, if you find that plaintiffs have proven that the CityTime system accurately captures the pre- and post-shift unpaid overtime work at issue in this case, this demonstrates that the employer had knowledge of the work, and you must find in favor of the plaintiff EMTs and Paramedics.

Sources:    FEDERAL EMPLOYMENT JURY INSTRUCTIONS § 6:200 (2014) (modified); *Perry v. City of New York*, 1:13-cv-01015-VSB, Decision on Similarly Situated, Dkt. 198, p. 15-16 (March 13, 2019) ("[T]he individualized inquiry into the employer's knowledge of each individual EMT/Paramedic's pre- and post-shift work will only be required if Plaintiffs fail to establish at trial that Defendants had a policy or practice [suffering or permitting] such work, or that CityTime accurately recorded all compensable pre- and post-shift work. As discussed above, Plaintiffs have made a persuasive showing that, pursuant to Defendants' policies and practices, EMTs/Paramedics performed pre- and post-shift work, and that Defendants failed to compensate them for those hours worked, which were in excess of 40 per week, in violation of Section 207 of the FLSA."); *Id.* at 19 ("Further,

permitting the EMTs/Paramedics to proceed in a collective action will allow this court to efficiently resolve the common questions of whether Defendants' policies or practices [suffering or permitting] EMTs/Paramedics to perform pre- and post-shift work, whether CityTime accurately records  pre- and post-shift work, and, if so, whether Defendants systematically fail to compensate  EMTs/Paramedics for that work."); *Foster/DLC*, at 37-48; *Chao v. Gotham Registry Inc.,* 514 F.3d 280, 288 (2d Cir. 2008); 29 C.F.R. § 785.11 ("Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time."); 29 C.F.R § 758.12 ("If the employer knows or has reason to believe that the work is being performed, he must count the time as hours worked.")

43

**DEFENDANTS' REQUEST TO CHARGE NO. 20**
**EMPLOYER KNOWLEDGE**


In this case, in order to demonstrate that the defendants had actual or constructive knowledge that the plaintiffs were working before and/or after their shift without compensation, the plaintiffs must prove by the preponderance of the credible evidence that defendants had a policy or practice of requiring employees to perform pre-shift and/or post-shift work without compensation or, alternatively, that plaintiffs have proven by a preponderance of the credible evidence that the CityTime system accurately records compensable pre- and post-shift work.


Source:    Perry v. City of New York, 13-cv-01015-VSB, Decision on Similarly Situated, Dkt. 198, pp. 15-16

44

**PLAINTIFFS' REQUEST TO CHARGE NO. 21**
**EMPLOYEE REPORTING**

An employer cannot accept the benefit of work without compensating the employees who perform the work. Therefore, you must not consider whether plaintiffs asked to be paid for uncompensated work. Employees cannot waive their right to be compensated for overtime. It is not enough for the employer to merely have a policy requesting that employees report all hours worked. To avoid liability, the defendants must have made *every effort* to prevent the employee from performing unauthorized work. Once an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or request payment for his or her overtime hours. The FLSA imposes on employers — and not on employees — the obligation to ensure that employee time records accurately reflect hours worked, and the City cannot shift that responsibility onto its employees through the device of the CityTime employee certification. You are instructed that the defendants' use of the CityTime timekeeping system and the CityTime certification language does not absolve the defendants of liability. Once an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or request payment for his or her overtime hours.

Source:      *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959) ("29 U.S.C.A. § 207(a) made it unlawful for appellant to employ plaintiff 'for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.' The obligation is the employer's and it is absolute. He cannot discharge it by attempting to transfer his statutory burdens of accurate record keeping…. and of appropriate payment, to the employee. The employer 'at its peril, had to keep track of the amount of overtime

45

worked by those of its employees in fact within the Act.") (internal citations omitted); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) ("First, it is important to recognize that an employer's duty under the FLSA to maintain accurate records of its employees' hours is non-delegable…In other words, once an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or claim his overtime hours); 29 U.S.C. § 211(c); *Foster/DLC* decision at 40-41 ("The Supreme Court has closed the door" on any decision that would allow an employee to voluntarily opt out of her rights under the FLSA by frequently emphasizing the nonwaivable nature of an individual employee's right ... to overtime pay under the Act. Moreover, an employer cannot pass on all responsibility for ensuring proper overtime pay to its employees, because its recordkeeping duty under the FLSA is non-delegable.") (internal citations omitted); *Perez*, 2017 U.S. Dist. LEXIS 159473 at *58 (S.D.N.Y. Sept. 27, 2017).

## DEFENDANT'S REQUEST TO CHARGE NO. 22
## DE MINIMIS DEFENSE

Even if you find the Defendants did not compensate the Plaintiffs for all activities which you find are otherwise compensable, Plaintiffs are nevertheless not entitled to recover for those uncompensated activities if the Defendants demonstrate the otherwise compensable activities amount to mere trivialities and the time involved is merely de minimis. The Defendants have the burden of proving the de minimis defense by a preponderance of the evidence.

When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such activities are not compensable. It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

When determining whether the time spent performing the activities at issue in this case are de minimis, and therefore, not compensable, you must consider the following factors:

(1)     The practical administrative difficulty of recording the additional time.

(2)     The aggregate amount of uncompensated time. The proper focus is the aggregate amount of uncompensated time for each employee per day, not the total number of employees over any length of time.

(3)     The regularity of the additional work.

You need not find that all factors favor a certain party, rather you must consider the factors together when deciding whether the activities at issue are de minimis.


Source:     29 C.F.R. § 785.47; Reich v. New York City Transit Auth., 45 F.3d 646, 652-53 (2d Cir. 1995). Singh v. City of New York, 524 F.3d 361, 371 (2d Cir. 2008); Lindow v. U.S., 738 F.2d 1057, 1063-64 (9th Cir. 1984).

47

**DEFENDANTS' REQUEST TO CHARGE NO. 23**
**USE OF TIME RECORDING SYSTEM NOT REQUIRED**

Employers are not required to use time clocks or any specific time recording system to record employees' actual hours worked.  When time clocks or a time recording system is used, employees who voluntarily come in before the start of their shift or remain at work after their shift ends, do not have to be paid for such time periods unless they are engaged in work that the employer knew or should have known the employee was performing. Their early or late clock punching may be disregarded.  In other words, it is not unlawful for a timekeeping system to record time an employee was on an employer's premises but which was not time the employee actually worked.

Source:    29 C.F.R. § 785.48(a).

## DEFENDANTS' REQUEST TO CHARGE NO. 24
## ROUNDING PRACTICES

You have heard evidence that the Defendants round the employees' time at the beginning or end of the work day.  The FLSA allows an employer to track employee hours worked in 15 minute increments and allows an employer to round employee time up or down to the nearest quarter hour.

Source:          29 C.F.R. § 785.48(b);

49

**JOINT REQUEST TO CHARGE NO. 25**
**CHARGES ON DAMAGES GENERALLY – COURT EXPRESSES NO OPINION**

I will now instruct you on how to award damages.  Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiffs from a preponderance of the evidence in the case in accordance with the other instructions on their claims.  If, therefore, you find that Plaintiffs have not proven their claim by a preponderance of the credible evidence, you must find for Defendants and you do not need to consider the instructions I give on damages.  I am instructing you on all aspects of the law at this time.  The fact that I am instructing you as to the proper measure of damages should not be considered by you, in any way, as meaning that I have any views as to which party is entitled to your verdict in this case.

You may not presume that a Plaintiff has been damaged.  The burden is on the Plaintiffs to prove damages by a preponderance of the credible evidence.  A Plaintiff is not required to prove the amount of his or her damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  At the same time, the damages you award must be based on the evidence presented at trial, not on speculation or guesswork. The Plaintiff has an obligation to show sufficient facts and circumstances to permit you to make a reasonable estimate of each item of damages.  If the Plaintiff fails to do that, the Plaintiff cannot recover for that item of damage.

In determining the amount of damages, you must exercise good judgment and common sense.  The purpose of a damage award is to make a Plaintiff whole - that is, to compensate him or her for the injuries, if any, which resulted from the Defendants' violation of the

50

Plaintiff's rights.  The damages that you award should be fair and reasonable, neither inadequate nor excessive.

Source:        Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §74.02 (4th ed. 1987; The Honorable William C. Connor's Jury Instructions in Bell v. Maxwell, 83 Civ. 7415 (WCC).

## PLAINTIFFS' JURY INSTRUCTION NO. 26
## DAMAGES – DETERMINING HOURS WORKED AND AMOUNTS OWED

An employer is legally required to maintain accurate records of its employees' hours of work. If you find that the City's timekeeping system, CityTime, kept accurate records of the unpaid pre- and/or post-shift overtime work that is at issue in this lawsuit (i.e., up to 15 minutes of pre-shift work and/or up to 15 minutes of post-shift work), you must find that time recorded in the CityTime system constitutes work time for which the plaintiffs should have been paid. You must then determine the damages that are owed as a result. You can find that all time recorded on CityTime up to 15 minutes pre-shift time and 15 minutes post-shift time per shift constitutes compensable work time. In making that determination you can rely on the testimony of the expert witnesses presented in this case, and other evidence, to determine the amount of backpay owed, as explained in Instruction Nos. _.

If you find that the CityTime records are not accurate, you must still determine the amount of time the plaintiffs spent working without compensation, and the damages owed as a result. Employees may not be denied recovery of backpay on the ground that the precise extent of their uncompensated work cannot be proved. The plaintiffs are not required to establish the amount of time with precision or specificity. The plaintiffs are not required to have maintained records of their work hours.

Therefore, you must accept the plaintiffs' estimate of hours worked unless you find that defendants have proved by a preponderance of the evidence either the precise amount of work performed or negated the reasonable inferences to be drawn from the plaintiffs' testimony and

evidence. You can then rely on the testimony and evidence presented, including that of the expert witness in this case, to determine the amount of backpay compensation owed to the plaintiffs.

**Sources**:    8TH CIR. CIVIL JURY INSTR. § 16.71 (2019); 29 U.S.C. § 207; 29 U.S.C. § 255(a); *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1279 (11th Cir. 2008) (upholding damages verdict established through the defendants own payroll  and timekeeping records and noting that because "the Plaintiffs here relied on Family Dollar's extensive payroll records that broke down, week-by-week, how many hours each of the 1,424 store managers worked," in such circumstances there is no need to apply the *Mt. Clemens* burden shifting analysis). *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047 (2016) ("The Court in *Mt. Clemens* held that when  employers violate their statutory duty to keep proper records, and employees thereby have no way to establish the time spent doing uncompensated work, the "remedial nature of [the FLSA] and the great public policy which it embodies . . . militate against making the burden of proving uncompensated work an impossible hurdle for the employee. Instead of punishing the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work, the Court held an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. Under these circumstances, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.") (internal citations and quotations omitted); *Perry v. City of New York*, 1:13-cv-01015-VSB, Summary Judgment Decision, Dkt. 168, p. 8 (March 26, 2018); Dkt. 225 Joint Pre-Trial Order, Statement of Damages, Part X.

## **DEFENDANTS' REQUEST TO CHARGE NO.26**
## **DAMAGES**

If you find in favor of Plaintiffs, you must determine the number of minutes worked in each workweek for which Plaintiffs were not paid and award each Plaintiff damages in the amount that each Plaintiff should have been paid in overtime compensation, less what Defendants actually paid each Plaintiff.

The Plaintiffs bear the burden of proving damages and must prove not only that the employees have in fact performed work for which they were not compensated but also sufficient evidence to show the amount and extent of such uncompensated work.

The overtime compensation amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek, times the regular rate for that workweek, times one and one-half. You must calculate these amounts separately for each Plaintiff for each workweek.

If you determine Plaintiffs are entitled to damages, in determining the amount of Plaintiffs' damages you may not include or add to the damages any sum for the purpose of punishing Defendants or serving as an example to warn others. In other words, you may not add what are called "punitive" or "exemplary" damages to the damages you determine Plaintiffs are owed.

Source:     2diam Modern Federal Jury Instructions-Civil 16.70, 16.71 (2019); O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 175.60, 175.62 (6th ed. 2000).

54

## PLAINTIFFS' REQUEST TO CHARGE NO.  27
## DAMAGES

If you find that the defendants violated the law, you must determine the amount of unpaid pre-shift and unpaid post-shift minutes worked by the plaintiffs and the backpay damages owed as a result. The amount of unpaid work that is at issue in this lawsuit is up to 15 minutes of pre-shift work that has been recorded on the City's timekeeping system as uncompensated or noncompensable time and up to 15 minutes of post shift work per plaintiff per shift that has been recorded on the City's timekeeping system as uncompensated or noncompensable time.

The amount of damages is the difference between the amount the plaintiffs should have been paid and the amount they were actually paid. The plaintiffs are entitled to recover lost wages from the date of your verdict back to *two* years before they filed this lawsuit – unless you find that the employer willfully violated the law because it either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer willfully violated the FLSA, then the Plaintiffs are entitled to recover lost wages from the date of your verdict back *three* years before they filed this lawsuit.

Source:    29 U.S.C. § 207; 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988); Dkt. 227, Joint Pre-Trial Order, Statement of Damages, Part X.

**DEFENDANTS' REQUEST TO CHARGE NO. 27**
**DAMAGES - STATUTE OF LIMITATIONS**

The FLSA provides for a two-year period of damages. Only if, and when, a "willful violation" is found may Plaintiffs recover over a three-year period. To establish entitlement to this expanded recovery period, there must be a determination that Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. Conduct is not willful if the employer acted reasonably and in good faith in determining its legal obligations and honestly believed that it was not required to pay overtime compensation to Plaintiffs.

If you find that Plaintiffs have proven, by a preponderance of the evidence, that Defendants' conduct was willful, *i.e.*, that they did not act in good faith and that they did not take steps to ensure compliance with the FLSA, then each Plaintiff is entitled to damages based upon Defendants' violations dating back three years before that Plaintiff joined this lawsuit, and continuing through [INSERT DATE]. If you do not find that Defendants acted willfully, then each Plaintiff is entitled to damages based upon Defendants' violations dating back only two years before that Plaintiff joined this lawsuit.

Source:     2diam Modern Federal Jury Instructions-Civil 16.72 (2019); 5 C.F.R. §551.104; Parada v. Banco Indus. de Venez., 753 F.3d 62, 71 (2d Cir. 2014) ("T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."); Padilla v. Sheldon Rabin, M.D., P.C., 176 F. Supp. 3d 290, 299-300 (E.D.N.Y. 2016) ("[N]either an employer's good-faith but incorrect assumption regarding its FLSA obligations, nor an employer's lack of reasonable basis for believing that it was complying with the FLSA, is by itself sufficient to demonstrate an employer's willfulness.") (internal citation omitted).

**JOINT REQUEST TO CHARGE NO. 29**
**COURT HAS NO OPINION**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Source:      O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §106.07 (5th ed. 2000).

57

**JOINT REQUEST TO CHARGE NO. 30**
**QUESTIONS FROM JURY**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson or by one or more members of the jury.  The courtroom deputies should be given the note and he or she will deliver it to me.  No member of the jury should attempt to communicate with the Court by means other than a signed note, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Source:        O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §106.08 (5th ed. 2000).

## JOINT REQUEST TO CHARGE NO. 31
### UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §106.01 (5th ed. 2000).

59

### JOINT REQUEST TO CHARGE NO. 32
### SPECIAL VERDICT AND GENERAL VERDICT FORMS

Prior to retiring to the jury room, one of your members will be selected to act as your foreperson. The foreperson will preside over the deliberations and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict.

[Read Attached Special Verdict Form.]

The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided under each question, and will date and sign the special verdict, when completed.


Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §106.07 (5th ed. 2000).