**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHAZ PERRY, et al.,

                                    Plaintiffs,          Case No.: 13 CIV 1015 (VSB)

                 -against-

                                                         **PROPOSED VOIR DIRE**
THE CITY OF NEW YORK AND THE NEW          **QUESTIONS**
YORK CITY FIRE DEPARTMENT.

                                    Defendants.

        Pursuant to the Court's Individual Rules and Practices in Civil Cases, the parties hereby

respectfully submit their proposed *voir dire* questions in the above-captioned matter.  The parties

note their areas of disagreement in footnotes 1-3.

## I.      JOINT PROPOSED VOIR DIRE QUESTIONS

        1.      There are 2,524 plaintiffs in this case.  The plaintiffs are current and former

Emergency Medical Technicians (EMTs) or Paramedics employed by the New York City Fire

Department.  Does anyone have a family member or friend that is or was employed by the New

York City Fire Department as an EMT or Paramedic?

               a.  Who?

               b.  When

               c.  What job did they hold?

               d.  Is there anything about your family member/friend's experience that
                   would make it difficult for you to be an impartial juror?

        2.      Have you, or any of your family members or close friends, ever been

employed as an EMT or Paramedic by the FDNY, or any other municipality, county, or private

ambulance company?

      a. Where?

      b. When

      c. What job did they hold?[1]
      d. Is there anything about your experience that would make it difficult for you to be an impartial juror?

3.      At most, 18 of the 2,524 plaintiffs will be testifying at this trial. Their names are: Timothy Anson, Carlos Avellaneda, Gina Bellido, Janet Bentkowski, Todd Bilgore, Victor Brathwaite, Jessica Cruz, Mark Estick, Edwin Gonzalez, Eric Ingram, Jason Jones, Andrea Katsanakos, Paul Mansour, Jamil Perez, Chaz Perry, Megan Pfeiffer, Mykka Richardson and Avian Rutherford.   Are you or is any member of your family acquainted with any of the individuals I just listed? Follow up questions, as appropriate.

4.      All of the plaintiffs are represented by Molly Elkin, Sara Faulman, Sarah Block and Diana Nobile from the law firm McGillivary Steele Elkin, LLP. The law firm was formerly called Woodley & McGillivary.  Does anyone know or has anyone heard of counsel for the plaintiffs? Follow up questions, as appropriate.

---

[1] Plaintiffs request that the below listed follow-up questions be asked. Defendants to not consent to these follow up questions:

      d. Do you know anything about the rules that governed how you/they perform their job? What do you know?

      e. Did you or did they engage in a shift exchange at the beginning and/or end of the shift?

      f. Were you/they paid for the time you/they engaged in the shift exchange?

5.    The defendants in this case are the City of New York and the New York City Fire Department.  The defendants are represented by Andrea O'Connor from the Office of the Corporation Counsel of the City of New York and Felice Ekelman, Mark Mancher and Michael Frankel from the law firm Jackson Lewis.  Does anyone know or has anyone heard of counsel for the defendants? Follow up questions, as appropriate.

6.    Are you or is any member of your family acquainted with any of the following persons who may be called as witnesses or mentioned at the trial of this case?

      a.    Christopher Bilz

      b.    James Booth

      c.    Christopher Erath

      d.    Carlos Escobar

      e.    Michael Fields

      f.    Jose Gonzalez

      g.    Louis Lanier

      h.    Mario Manna

      i.    Norman Ortiz

      j.    Georgia Pestana

      k.    Stephen Rush

7.    Do you have any opinions about the City of New York and/or the New York City Fire Department that you think would affect your ability to render an impartial verdict in this case?

8.    Do you, any members of your family or any of your close friends currently work for or ever have worked for either, the City of New York, or, the New York City Fire Department?  If so, what agency and in what position?

9.    Have you, any member of your family, or any of your close friends ever had any interaction with an EMT or Paramedic employed by the New York City Fire Department? If so, what was the nature of the interaction?

10.    Have you, any members of your family or any of your close friends been a member of, or held a position of leadership, within a Union organization?  If so, what union and when was the position held?

11.    Have you, any member of your family, or any of your close friends ever made a claim or filed a lawsuit against an employer?

    a.    What was the nature of the lawsuit?

    b.    How was it resolved?

    c.    Is there anything about that experience that would impact your ability to render an impartial verdict?

12.    Have you or any members of your family ever had a job where you supervised other employees? If so, please state when and describe the circumstances.

    a.    How many people did you supervise?

    b.    Did you have any responsibility to approve overtime in that position? [2]

---

[2]    Plaintiffs request that the below listed follow-up question be asked. Defendants do not consent to the below listed question.

    c.    What were your responsibilities, if any, to make sure that your employees were paid for all of their work time?

      c.   What were your responsibilities, if any, to make sure that your employees were paid for all of their work time?

13.     Have you or any of your family members worked at a job where you received overtime compensation.  If so, please state when and describe the circumstances.

14.     Have you or any of your family members ever worked at a job where you worked overtime and believe that you were not properly paid for it? If yes, please describe.

## II.     PLAINTIFFS' PROPOSED ADDITIONAL VOIR DIRE QUESTIONS:[3]

### A.  PLAINTIFFS' PROPOSED STATEMENT TO THE JURY PRIOR TO COMMENCEMENT OF VOIR DIRE:

This is a civil case.  The plaintiffs are 2,524 FDNY EMTs and Paramedics who are seeking overtime backpay for the time they spend at their EMS stations, after clocking in on the City's timekeeping system but before their scheduled shift begins, performing work for the City. The pre-shift work the plaintiffs seek overtime backpay for includes time spent checking in with their lieutenants, collecting and inspecting issued medical equipment and supplies, and collecting and inspecting personal protective equipment (PPE).  They also seek overtime backpay for the time they spend at their EMS stations, before clocking out, but after their scheduled shift ends, performing work for the City. The post-shift work the plaintiffs seek overtime backpay for

---

[3] Defendants do not consent to Plaintiffs' Proposed Statement to the Jury Prior to Commencement of Voir Dire and do not consent to plaintiff's Proposed Additional Voir Dire Questions. Plaintiffs believe that it is appropriate to provide a description of the lawsuit to give the potential jurors context, as well as a comfort level, as to why the Court is questioning them about, what some may consider to be, personal matters. Plaintiffs also believe that to ensure that jurors are not prejudiced or biased towards or against either side, it is necessary to inquire into issues in addition to the 14 joint proposed voir dire questions listed above including, the potential jurors' own experiences with overtime pay, clock-punching, personal protective equipment, as well as their opinions regarding representative testimony, if any.

includes engaging in a post-shift exchange of equipment and narcotics with the oncoming crew that is relieving them from duty and storing all of their medical and safety equipment and supplies. Specifically, the plaintiffs seek overtime pay for up to 15 minutes a day for unpaid pre-shift work recorded in the City's timekeeping system, and up to 15 minutes a day for unpaid post-shift work recorded in the City's timekeeping system. Plaintiffs also seek a finding that the defendants, the City of New York and the New York City Fire Department, willfully or recklessly violated the law in failing to pay them overtime for the pre-shift and post-shift work they allege they perform. A finding of willfulness extends the recovery period to three years.

The plaintiffs' claims cover the time period from 2011 (2010 for a willful violation) until the present. Defendants deny liability for the claims and assert that the plaintiffs should have put in overtime pay requests if they wanted to be paid for the work.

## B.  ADDITIONAL BACKGROUND QUESTIONS

(1) Please raise your hand if anything about the description of the lawsuit causes you to favor either one party or the other?

      a.  Those with your hands up, please explain, starting with Juror __.

(2) Have you read in the newspapers, read on the internet, seen on television, or heard on the radio anything about this case, or do you have any knowledge of the facts or events of this case?

(3) Do you have a bachelor's degree or other post-high school education?

(4) Do you have a graduate degree? If so, when and what kind of degree?

(5) Have you or any of your relatives ever served in a branch of the military? If so, who served, when, and in what capacity?

(6) Are you a member of any civic associations, clubs, or organizations? Which ones?

(7) By a show of hands, has anyone here ever served on a jury before?

    a. For those of you raising your hand, keep your hand up if it was a civil lawsuit, meaning it was not a criminal trial?

    b. For anyone who served on a civil jury, what was the case about?

    c. Who won?

    d. What do you remember about your experience serving as a juror?

(8) By a show of hands, has anyone ever sued anyone?

    a. What was involved?

    b. How did it turn out?

    c. Was there anything about that experience that would make you favor one side over the other here?

    d. Why?

(9) By a show of hands, has anyone ever been sued?

    a. What was involved?

    b. How did it turn out?

    c. Was there anything about that experience that would make you favor one side over the other here?

(10) By a show of hands, has anyone had a close family member be sued?

    a. What was involved?

    b. How did it turn out?

    c. Was there anything about that experience that would make you favor one side over the other here?

(11) By a show of hands, has anyone here worked in the legal profession?

    a. When?

    b. In what capacity?

    c. Given your experience, will you be able to follow my instructions on the law

(12)  This trial is scheduled to last, at most, through October 31, but will likely be concluded in advance of that date.  We will break early tomorrow for Yom Kippur. We will not have court on Wednesday, and will resume on Thursday and Friday. Thereafter, we will meet again next Tuesday and go through Friday.  The following week, we will hold court Monday through Thursday (October 21 – 24) and do the same the last week in October if necessary. Does this schedule cause anyone any undue hardship?

   a.  Explain

(13)  By a show of hands, does anyone here have a medical or personal hardship that would make it difficult to serve as a juror?

   a.  Explain

(14)  By a show of hands, does anyone have difficulty reading, hearing, or understanding the English language?

(15)  Do you regularly read any newspapers or magazines, either in print or online?

   a.  Which ones?

### C.  QUESTIONS REGARDING RELATED EXPERIENCE

(16)  By a raise of hands, has anyone here had any experience with New York City's "CityTime" timekeeping system?

   a.  Describe your experience.

(17)  By a raise of hands, do you, or anyone you know, work as a fire fighter?

   a.  Who?

   b.  When?

   c.  What City or County?

   d.  Do you know anything about the rules that governed how you/they perform their job? What do you know?

   e.  Did you have to engage in a shift exchange at the beginning and/or end of your shift?

   f.  Were you paid for the time you engaged in the shift exchange?

g. Is there anything about that experience or knowledge that would make it difficult for you to render an impartial verdict?

(18) By a raise of hands has anyone here worked in the healthcare profession?

    a. In what capacity?

    b. In that capacity, do you interact with EMTs and Paramedics?

    c. Is there anything about that experience that would make it difficult for you to render an impartial verdict?

    d. In your job, do you have to engage in a shift exchange at the beginning and end of your shift?

    e. Describe?

    f. Are you paid for that time?

### D. CLOCK-PUNCHING EXPERIENCE

(19) By a raise of hands, has anyone here worked in retail?

    a. In what capacity?

    b. Were their rules about when you needed to be at work?

    c. What were those rules?

(20) By a show of hands, has anyone ever had a job where they were required to punch a timeclock before their shift and after their shift?

(21) For those of you with your hands up, were you paid for the time on the clock between those first and last punches for the day?

    a. If yes, keep your hand up.

    b. For those of you who were not paid for all the time on the clock, how were you paid?

    c. Did you believe that was fair?

    d. Why or why not?

(22)  For those of you who have held jobs where you punched a clock, did you have a grace period that allowed you to punch in a few minutes late without being docked pay or leave?

(23)  For those of you who had no grace period, did your employer dock your pay on a minute-by-minute basis for being late?

    a.  Does anyone have an opinion about whether employers should have a grace period?

(24)  Does anyone in here have a job, or ever held a job, where you had to do certain work-related activities on the employer's premises prior to your paid shift?

    a.   For example, has anyone ever worked in a factory where you had to collect and put on safety equipment prior to your shift?  Or log on to your computer to check assignments prior to shift? Or met with a supervisor to receive assignments prior to your shift? Or attend a roll call prior to your shift?

    b.  Did you get paid for that pre-shift work?

    c.  What is your opinion about whether you should have been paid for that work?

(25)  Does anyone in here have a job, or ever held a job, where you had to do certain work activities after your paid shift was finished?

    a.  What activities?

    b.  Were you paid for those activities?

    c.  How do you feel about that if you were not paid for the activities?

### E.  OVERTIME GENERALLY

(26)  By a show of hands, who in this room owns their own business, or has owned their own business in the past?

    a.  What type of business?

    b.  When did you own it?

    c.  How many employees?

(27)  Who in here believes that employees should be paid for all of their overtime work as long as the supervisor knew or should have known the employees were performing overtime work?

(28)  Who in here believes that employees should work for free for up to 15 minutes before their shift to do things that are necessary to do in order to be ready for the shift?

(29)  Who in here believes that it is no big deal to work without pay as long as it's less than an hour a day?

   a.  Why?

(30)  Who in here believes that an employee who performs overtime work but does not ask to be paid for that work, should be paid for it anyway?

   a.  Why?

(31)  Who in here believes that employers should pay employees for all of their work time, including work time that occurs before and after a paid shift?

(32)  Do you have an opinion about whether you should get paid for the work you perform for your company for time that you are on the clock?

   a.  What is it?

   **F. EXPERIENCE WITH PPE**

(33)  Has anyone here ever worked in a job where you had to wear protective clothing and equipment?

   a.  Which job?

   b.  Where did you store that equipment between shifts?

   c.  Were you required to inspect that equipment prior to donning it?

   d.  Did you get paid for the time it took you to collect and put on that equipment?

   e.  Do you have an opinion about whether you should get paid for the time it took you to collect and put on that equipment?

   f.  What is your opinion?

(34) Is anyone in here **uncomfortable** about making the City pay the 2,524 EMTs and Paramedics who are the plaintiffs in this collective action for their **on-the-clock** but unpaid pre shift time spent collecting and checking equipment, collecting and inspecting PPE and checking in with the lieutenants?

    a.  Why?

(35) Is anyone in here uncomfortable about making the City pay the 2,524 EMTs and Paramedics for their **on-the-clock** pre shift time and post-shift work when these same employees did not put in overtime requests for the work time?

(36) Whose responsibility is it to make sure that employees should only be clocked into the employer's timekeeping system when they are working? The employer's or the employee's?

    a.  Show of hands for those of you who believe it's the employer's responsibility?

    b.  Show of hands for those of you who think it's the employee's responsibility?

    c.  No opinion?

(37) Who is required to control how much time employees are on the clock?

    a.  The employee or the employer and why?

(38) If I instruct you that the EMTs and Paramedics *must* be paid for all of their work time, even if they did not put in overtime requests for that work time, would you be able to follow that instruction?

(39) Is there anyone in here who could NOT follow that instruction?

(40) At the close of trial, I will instruct the jury on the law that must be applied to the facts in this case. Is there anyone here who would not be able to follow my instructions if they disagree with the law?

## G.  REPRESENTATIVE TESTIMONY

In trials like this, jurors make their decisions on the basis of the testimony of just a few class representatives as opposed to all of the plaintiffs in the collective action. If we were to hear

from all 2,524 plaintiffs about their alleged unpaid pre- and post-shift work activities, this trial would last longer than three years. That is not going to happen.

(41)  Some people think that it would be unfair to defendants to base a class wide verdict on the testimony of a few witnesses; others think that that is what a collective action is all about and it is fair.

    a.  Who in here is closer to "it's not fair to defendants"?

    b.  Tell us why.

    c.  Who in here closer to "it seems fine to me and as long as the witnesses' testimony is credible, I can make a class wide decision based on the testimony of a few class members?"

    d.  Tell us why.

Dated: September 23, 2019        Respectfully submitted,

                     */s Molly A. Elkin*
                     Molly A. Elkin
                     Sara L. Faulman
                     Diana J. Nobile
                     Sarah M. Block
                     McGILLIVARY STEELE ELKIN LLP
                     110 Vermont Ave., N.W. Suite 1000
                     Washington, D.C. 20005
                     Phone: (202) 833-8855

                     *Attorneys for Plaintiffs*

Dated:      New York, New York
               September 23, 2019


Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000
Felice.Ekelman@jacksonlewis.com
Mark.Mancher@jacksonlewis.com
Michael.Frankel@jacksonlewis.com

-and -

Corporation Counsel of the City of New York
100 Church Street, Rm. 2-104
New York, NY 10007
(212) 356-4015
aoconnor@law.nyc.gov

By:    */s/Felice B. Ekelman*
       Felice B. Ekelman
       Mark Mancher
       Michael A. Frankel
       Andrea O'Connor

*ATTORNEYS FOR DEFENDANTS*

14

## CERTIFICATE OF SERVICE

This is to certify that on September 23, 2019, I caused Proposed Voir Dire Questions to be served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the defendants' counsel:

Felice B. Ekelman
Mark S. Mancher
Michael A. Frankel
JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017

Andrea O'Connor
Office of the Corporation Counsel
        of the City of New York
100 Church Street
New York, NY 10007

In accordance with the Court's Individual Practices, this document was also submitted by email to BroderickNYSDChambers@nysd.uscourts.gov in Word format.

/s/ Molly A. Elkin
Molly A. Elkin

15