```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHAZ PERRY, et al.,                                         :
                                                            :
                              Plaintiffs,                   :
                                                            :           13-CV-1015 (VSB)
              - against -                                   :
                                                            :           **OPINION & ORDER**
CITY OF NEW YORK, et al.,                                   :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/2019

<u>Appearances</u>:

David William Ricksecker
Molly Ann Elkin
Gregory K. McGillivary
Sara L. Faulman
Diana J. Nobile
Sarah M. Block
McGillivary Steele and Elkin
Washington, DC
*Counsel for Plaintiffs*

Felice B. Ekelman
Jeffrey W. Brecher
Jackson Lewis P.C.
New York, New York

Andrea Mary O'Connor
Benjamin Welikson
Kerrin Ann Bowers
New York City Law Department
New York, New York

*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Before me is Plaintiffs' motion for entry of final judgment. (Doc. 301.) Because I find

that the jury's determination that Defendants violation of the Fair Labor Standards Act was

willful is dispositive on the issue of the imposition of liquidated damages, Plaintiffs' motion is GRANTED.

I. **Background**

Plaintiffs are 2,519 current or former Emergency Medical Technicians ("EMTs"), Paramedics, and Fire Safety Inspectors below the rank of lieutenant in the New York City Fire Department (the "FDNY"), and brought this action against Defendants the City of New York and the FDNY (collectively, "Defendants") to recover unpaid compensation under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 115.)[1] Pursuant to an August 26, 2019 stipulation, the parties agreed that "[f]ollowing trial, and irrespective of the jury verdict, the parties [would] work together to determine the precise amount of damages that may be owed to each plaintiff," and further agreed that "[t]o the extent the parties are unable to come to an agreement . . . the parties [would] submit all unresolved issues that affect calculation of damages, including the issue of whether liquidated damages are owed pursuant to 29 U.S.C. § 216(b) . . . to the Court for determination without a jury." (Doc. 233 at 2.)

On October 24, 2019, after a three-week trial, an eight-member jury returned a unanimous verdict in Plaintiffs' favor, finding that Defendants violated the FLSA by failing to compensate Plaintiffs for work done before and after their compensated shifts. (Doc. 269.) The special verdict form used by the jury to render its verdict included a question that asked whether "Plaintiffs prove[d] by a preponderance of the evidence that the Defendants willfully violated the

---

[1] Twenty-seven Fire Protection Inspector and Associate Fire Protection Inspector Plaintiffs settled with Defendants and did not proceed to trial. (Doc. 222.) These Plaintiffs have submitted their settlement to the Court for separate approval. (Doc. 274.) Because trial was limited to the issue of compensation for Plaintiffs' unpaid pre-shift and post-shift overtime, trial in this case involved only 2,519 of the 2,524 original Plaintiffs. (*See* October 4, 2019 Final Pretrial Conference Transcript, at 16:18-19.)

2

Fair Labor Standards Act," to which the jury answered "YES." (*Id.*)[2] In light of the verdict, and in accordance with the August 26, 2019 stipulation, the parties conferred and came to an agreement that the total amount of backpay damages owed to Plaintiffs under the FLSA equaled $7,238,513.00. (Doc. 299.) Although the parties were able to reach agreement concerning the total amount of backpay damages owed to Plaintiffs under the FLSA, the parties could not come to an agreement as to whether, in light of the jury's willfulness finding, the Court should award liquidated damages in an amount equal to the backpay damages. (*Id.*)

Because of the disagreement between the parties concerning whether liquidated damages are appropriate, on November 12, 2019, Plaintiffs filed the instant motion for entry of final judgment. (Doc. 301.) The motion seeks the award of $7,238,513.00 to Plaintiffs in backpay damages, as well as $7,238,513.00 in liquidated damages. (Doc. 302, at 18.) On November 19, 2019, Defendants filed a memorandum of law in opposition to Plaintiffs' motion, arguing that "[w]hether liquidated damages are appropriate is a matter of law within the Court's discretion." (Doc. 303, at 5.) On November 25, 2019, Plaintiffs filed a reply memorandum of law in further support of their motion, stating that "the Second Circuit has unequivocally held that a court has no discretion whatsoever to deny liquidated damages where a jury has concluded that an employer willfully violated the FLSA." (Doc. 304.)

## II. Discussion

Because the jury in this case has already determined that Defendants committed a willful violation of the FLSA, I reject Defendants' request to deny liquidated damages in this case. The majority of Circuits have concluded that a district court's discretion to deny liquidated damages

---

[2] Both parties included variations of this question in their proposed verdict form submissions, and neither party objected to the inclusion of this question on the final verdict form. (Docs. 237, 245, 247.)

is negated by a jury's finding of willfulness, and the Second Circuit's opinion in *Pollis v. New School for Social Research*, 132 F.3d 115 (2d Cir. 1997), seems to provide guidance consistent with these decisions requiring that I impose liquidated damages. Thus, I grant Plaintiffs' motion for entry of final judgment.

### A. *Title 29 United States Code § 260 and 29 United States Code § 255(a)*

Title 29 United States Code § 216(b) states that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid . . . overtime compensation . . . , and in an additional equal amount as liquidated damages." A district court is generally required to award liquidated damages equal in amount to actual damages. *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). Double damages are the norm and single damages are the exception. *Id.* However, "[t]he Portal–to–Portal Act, 29 U.S.C. § 251 *et seq.*, which amended the FLSA, affords district courts discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Id.* (citing 29 U.S.C. § 260). "To establish the requisite subjective 'good faith,' an employer must show that it took active steps to ascertain the dictates of the FLSA and then act[ed] [*sic*] to comply with them." *Id.* (internal quotation marks omitted). The Second Circuit has described the employer's burden in meeting this standard as a "heavy" one. *Id.* at 151.

Although the good faith determination is a question of law for the court to decide "in its sound discretion," 29 U.S.C. § 260, a court's determination of good faith often involves the same evidence underlying another key issue in FLSA cases: the statute of limitations. The statute of limitations for claims seeking unpaid overtime wages is generally two years, but if the claim is

one "arising out of a willful violation," the limitations period becomes three years. 29 U.S.C. § 255(a). "An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988)). District courts have generally left the question of willfulness to the trier of fact. *See, e.g.*, *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 268 (E.D.N.Y.2008) (collecting cases). Thus, the jury is often tasked with resolving factual questions regarding a defendant's willfulness that are also central to the court's good faith determination under 29 U.S.C. § 260.

### B. *Relevant Precedent*

Recognizing the overlap between good faith and willfulness determinations, the majority of circuits have foreclosed a district court's discretion to deny liquidated damages under Title 29 United States Code § 260 when a jury returns a finding of willfulness under Title 29 United States Code § 255(a). *Compare Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("We conclude . . . that in an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question."), *and Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003) (affirming an award of liquidated damages and stating: "In this case, the jury found the City's actions to be willful. As a result, the City could not show that it acted in good faith."), *and Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) (affirming an award of liquidated damages under the FLSA where there had been a finding of willfulness, and noting that "a finding of good faith is plainly inconsistent with a finding of willfulness"), *and Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) (affirming a district court's award of liquidated damages for

5

violations of the FLSA and concluding that "a finding of willfulness is dispositive of the liquidated-damages issue"), *and Brinkman v. Dep't of Corr.*, 21 F.3d 370, 372–73 (10th Cir. 1994) (determining that the district court "properly awarded liquidated damages based upon the jury's finding of willfulness" because "when fact issues central to a claim are decided by a jury upon evidence that would justify its conclusion, the Seventh Amendment right to a jury trial prohibits the district court from reaching a contrary conclusion"), *with Broadus v. O.K. Indus., Inc.*, 226 F.3d 937, 944 (8th Cir. 2000) (noting in an EPA case that the "jury's decision on willfulness is distinct from the district judge's decision to award liquidated damages" (citation omitted)), *and Fowler v. Land Mgmt. Groupe, Inc.*, 978 F.2d 158, 163 (4th Cir. 1992) (determining in an EPA case that in light of "the explicit language of section 260, expressly vesting discretion to award liquidated damages in the hands of the trial judge . . . Congressional intent would [not] be effectuated by a scheme in which, in every case, the trial court's discretion to award liquidated damages would be completely constrained by the jury's determination on 'willfulness' for purposes of the statute of limitations").

I now turn to the Second Circuit's opinion in *Pollis*, which is instructive concerning how I should resolve the issue of willfulness. *Pollis* concluded that because there was evidence "sufficient to support the jury's finding of a reckless or willful violation of the Equal Pay Act, . . . [u]nder 29 U.S.C. § 206(d), therefore, compensatory damages . . . should have been calculated by reference to the three-year limitations period for willful violations, and the resulting compensatory award should be doubled pursuant to the Fair Labor Standards Act's liquidated damages provision, 29 U.S.C. § 260." *Pollis*, 132 F.3d at 120.[3] Although *Pollis* did not

---

[3] The Equal Pay Act amended § 206 of the FLSA to prevent pay discrimination based on sex, and the FLSA's statute of limitations and liquidated damages provisions apply to Equal Pay Act claims in the same way they apply to overtime compensation claims. *See McLaughlin*, 486 U.S. at 131; *see also* 29 U.S.C. §§ 206(d)(3), 207, 216(b),

6

explicitly state that this conclusion is appropriate as a matter of law whenever a jury determines that an FLSA violation is willful, in rendering the above conclusion, *Pollis* favorably cited *E.E.O.C. v. Detroit Health Department*, 920 F.2d 355, 358 (6th Cir. 1990), and *Brinkman*, 21 F.3d at 373. Both of these cases did conclude as a matter of law that the district court's discretion to deny liquidated damages is negated by a jury's finding of willfulness. *E.E.O.C.*, 920 F.2d at 358 ("Since the jury determined that the City's violation of the Equal Pay Act was willful, and since the district court was, in determining whether the violation was in good faith and with reasonable grounds, presented with the same issue, the district court was bound by the jury finding."); *Brinkman*, 21 F.3d at 372–73 (adopting *E.E.O.C.*'s conclusion and stating that the "same willfulness standard for the statute of limitations issue applies to the liquidated damages issue" as a matter of law).

District courts in the Second Circuit have applied *Pollis* and found that the court's discretion to deny liquidates damages is negated by a jury's finding of willfulness. For example, in *Banford v. Entergy Nuclear Operations, Inc.*, 74 F. Supp. 3d 658, 682 (D. Vt. 2015), *aff'd in part, rev'd in part on other grounds*, 649 F. App'x 89 (2d Cir. 2016), the court discussed the above precedent and concluded that it felt "obligated to follow suit and hold that a finding of willfulness necessitates an award of liquidated damages." Similarly, in *Scott v. City of New York*, No. 02 Civ. 9530(SAS), 2009 WL 1138719, at *1 (S.D.N.Y. Apr. 27, 2009), the court

---

255(a), 260. 29 U.S.C.A. § 206 states, for example, that "[f]or purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this chapter." In addition, 29 U.S.C.A. § 216(b), the FLSA's penalty provision, refers back to sections 206 and 207, the overtime compensation provision, when outlining the provisions triggering the penalty provision. 29 U.S.C. § 260, the liquidated damages provision, refers back not to section 207, but section 216, and therefore prescribes liquidated damages in Equal Pay Act cases in the same way that it does in overtime compensation cases. Lastly, 29 U.S.C. § 255(a), the statute of limitations provision, generally refers to "any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act," and "the statute applies not only to actions to enforce the overtime and recordkeeping provisions of the FLSA, but also to the Equal Pay Act . . . ." *McLaughlin*, 486 U.S. at 131.

suggested that the "Second Circuit has squarely held—along with the majority of other Circuits—that a district court may not find good faith after a jury has concluded that the employer willfully violated the FLSA." *See also Yu Y. Ho v. Sim Enterprises, Inc.*, No. 11 Civ. 2855(PKC), 2014 WL 1998237, at *17 (S.D.N.Y. May 14, 2014) (noting in a bench trial that although the defendants did not attempt to establish good faith, any attempt to do so would have been unsuccessful because their violations were willful); *Lanzetta v. Florio's Enterprises, Inc.*, No. 08 Civ. 6181(DC), 2011 WL 3209521, at *6 (S.D.N.Y. July 27, 2011) (stating, in a bench trial, that "once the employer's willfulness has been established . . . the FLSA seem[s] to require that a plaintiff be awarded liquidated damages."). Considering the holding in *Pollis* for myself, I agree with *Banford* and *Scott*, and conclude that *Pollis* constrains my discretion to deny liquidated damages under 29 U.S.C. § 260 in light of the jury's willfulness finding.

### C. *Additional Considerations*

In addition to case law precedent, other considerations counsel in favor of following the position articulated by the majority of circuits. I instructed the jury as follows concerning the issue of willfulness:

> Ordinarily the FLSA provide for a two-year period of damages. That means that a plaintiff may recover for all damages incurred for two years before he or she joined the lawsuit and then for damages suffered while the lawsuit was pending. However, if plaintiffs demonstrate by a preponderance of the evidence that defendants acted willfully, each plaintiff is entitled to damages dating back three years before that plaintiff joined the lawsuit, as well as damages suffered while the lawsuit was pending. An employer acts willfully when the employer knew that or showed reckless disregard for whether its conduct was prohibited by the FLSA. An employer acts with reckless disregard when it acts or fails to act with a conscious lack of concern for the consequences. Examples of such recklessness are an employer's failure to make a good faith effort to determine whether it is complying with the statute or whether to inquire into the legality of the policies after being confronted with clear evidence of illegality.

(Doc. 293, at 134:11–135:2.)[4] As noted, in order to make the good faith determination, I would have to find that Defendants "acted in subjective 'good faith,'" meaning that Defendants "took active steps to ascertain the dictates of the FLSA and then act[ed] [*sic*] to comply with them." *Barfield*, 537 F.3d at 151 (internal quotation marks omitted). Given my instruction on willfulness, "to find 'good faith' after a finding of 'willful[ness]' [would be] illogical; the two terms are [] mutually exclusive." *Alvarez Perez*, 515 F.3d at 1165.[5] In addition to being illogical, entering final judgment that denies liquidated damages after the jury answered "YES" to my willfulness question would arguably run afoul of the Seventh Amendment. *See Brinkman*, 21 F.3d at 372–73 (determining that the district court "properly awarded liquidated damages based upon the jury's finding of willfulness" because "when fact issues central to a claim are decided by a jury upon evidence that would justify its conclusion, the Seventh Amendment right to a jury trial prohibits the district court from reaching a contrary conclusion");

---

[4] Defendants' proposed a willfulness jury instruction that was similar to the above charge. Specifically, Defendants' proposed instruction stated: "To establish entitlement to this expanded recovery period, there must be a determination that Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. Conduct is not willful if the employer acted reasonably and in good faith in determining its legal obligations and honestly believed that it was not required to pay overtime compensation to Plaintiffs. If you find that Plaintiffs have proven, by a preponderance of the evidence, that Defendants' conduct was willful, *i.e.*, that they did not act in good faith and that they did not take steps to ensure compliance with the FLSA, then each Plaintiff is entitled to damages based upon Defendants' violations dating back three years . . . ." (Doc. 235, at 56.) In any event, neither party objected to my final instruction on willfulness. (Doc. 291, at 88:13–16.)

[5] Defendants' reliance on *Soler v. G & U, Inc.*, 628 F. Supp. 720 (S.D.N.Y. 1986), is inapposite given the Supreme Court's articulation of a narrower willfulness standard in *McLaughlin*, 486 U.S. at 133 (defining willfulness to require "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]"). Defendants cite *Soler* for the proposition that "[i]f the employer satisfies the burden of proving good faith, then it is within the sound discretion of the court to decide whether or not liquidated damages should be awarded." (Doc. 303, at 6.) As Plaintiffs note, however, *Soler* applied a broader definition of willfulness charging that "a violation is willful if the employer (1) knows or has reason to know that his business is subject to the provisions of the FLSA, and (2) his practice does not conform to FLSA requirements." *Soler*, 628 F. Supp. at 723. Given such an instruction, a jury need not render factual findings that necessarily overlap with the court's good faith determination, because the instruction merely asks if an employer "knew or suspected that the conduct might violate the Act," *Alvarez Perez*, 515 F.3d at 1166 n.4, and does not delve into whether an employer recklessly disregarded the FLSA. Under the standard articulated in *McLaughlin*, however, the Supreme Court's "narrowing of the definition of willfulness made it and good faith mutually exclusive," *Alvarez Perez*, 515 F.3d at 1166 n.4, because the more restrictive instruction post-*McLaughlin* requires a jury to answer whether an employer acted with at least reckless disregard for its obligations under the FLSA.

9

*cf. Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 890–91 (2d Cir. 1988) ("[I]t is plain that proper deference to the parties' Seventh Amendment rights to a jury trial precludes entry of a judgment that disregards any material jury finding."); *see also* U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."). I do not find any of the arguments articulated by Defendants sufficiently persuasive to convince me that it is necessary or prudent to reexamine a conclusion unanimously reached by the eight jurors who already decided the question of willfulness.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion for entry of final judgment, (Doc. 301), is GRANTED. Accordingly, it is hereby:

ORDERED that, within thirty days of this Opinion & Order and in accordance with the parties' November 7, 2019 letter, (Doc. 299), the parties shall submit a joint letter regarding the issue of attorney's fees and costs under 29 U.S.C. § 216(b), including whether the parties have been able to resolve the issue without court intervention or, alternatively, a proposed briefing schedule.

IT IS FURTHER ORDERED that I will refrain from ordering entry of final judgment in accordance with this Opinion & Order until resolution of the attorney's fees and costs issue. Similarly, I will refrain from holding a settlement approval conference in connection with the Fire Inspectors settlement until resolution of the attorney's fees and costs issue.

The Clerk of Court is respectfully directed to terminate the open motion at Document 301.

SO ORDERED.

Dated: December 23, 2019
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge