

Molly A. Elkin
mae@mselaborlaw.com

August 30, 2021

**APPLICATION GRANTED
SO ORDERED** /s/ Vernon Broderick
**VERNON S. BRODERICK
U.S.D.J.** 9/1/2021

**VIA ECF**
Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Centre Street, Room 415
New York, NY 20007

Given the likely length of the stay, Plaintiffs' motion for attorney's fees, (Doc. 333), is deemed withdrawn without prejudice to reinstatement by letter within 14 days of the appellate court's decision on Defendants' appeal.  The Clerk's office is directed to terminate the open motion at Document 333.

Re:  *Perry, et al. v. City of New York, et al.,* Case No. 13-cv-1015

Dear Judge Broderick:

  I represent the plaintiffs in the above-captioned case and write in connection with Plaintiffs' Reply in Support of their Motion for a Supplemental Award of Attorneys' Fees and Expenses, which is to be filed on or before August 31, 2021. For the reasons set forth below, Plaintiffs respectfully request that the Court stay briefing on Plaintiffs' Motion until the Second Circuit issues a decision on Defendant's appeal.

  On August 5, 2021, the Court issued a decision rejecting each of the City's arguments made in Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial or an Amended Judgment, and finding that the jury verdict of October 24, 2019, and judgment of February 5, 2020, should be upheld. Dkt. 332. Pursuant to Federal Rule of Civil Procedure 54(d) and Section 216(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), plaintiffs timely filed their Motion for a Supplemental Award of Attorneys' Fees and Expenses on August 19, 2021. (Dkt. 333-334). Defendant filed an opposition on August 24, 2021 (Dkt. 335), meaning that Plaintiffs' reply brief is currently due on August 31, 2021. However, on August 27, 2021, the City filed a Notice of Appeal. Dkt. 336.

  Section 216(b) of the FLSA, 29 U.S.C. § 216(b), provides that "[t]he court in such action ***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis supplied). Accordingly, under the FLSA, an award of attorneys' fees and costs to the prevailing party is mandatory. *Id.* Significantly, and as relevant here, district courts have authority to award post-judgment attorneys' fees in an FLSA case, including fees for successfully defending an appeal. *See, e.g., Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) (a prevailing FLSA plaintiff's entitlement to attorneys' fees and costs extends to post-judgment proceedings and appeal).

  Because the City has filed an appeal of "the opinion and order entered on August 5, 2021 (ECF No. 332) and the final judgment entered on February 5, 2020 (ECF No. 313), bringing up

*Main*: (202) 833-8855 | *Fax*: (202) 452-1090 | *Email*: info@mselaborlaw.com | www.mselaborlaw.com
1101 Vermont Avenue NW, Suite 1000 | Washington, D.C. 20005

August 30, 2021
Page 2

for review all underlying orders and rulings," (Dkt. 336), any decision on Plaintiffs' post-judgment fees and costs now would be premature. Therefore, Plaintiffs respectfully request that the Court stay briefing on the Plaintiffs' Motion pending a decision on the appeal and permit Plaintiffs to, consistent with Rule 54(d) of the Federal Rules of Civil Procedure, re-file their Motion for Supplemental Attorneys' Fees and Expenses within 14 days of the appellate court's decision.

      Plaintiffs' counsel discussed this request for a stay with counsel for the Defendant, who consents to the request.

      Thank you for your consideration.

      Respectfully submitted,

      McGILLIVARY STEELE ELKIN LLP

      */s/ Molly A. Elkin*

      Molly A. Elkin

cc:    All Counsel of Record (via ECF)